| 26 | 347 |
| 60 | 141 |

WILLIAM FOWLER *vs.* GEORGE WOODWARD.

January 19, 1880.

Mortgage—Scrivener's Error.—The mortgage deed to which this action relates examined, and found to show upon its face that by a scrivener's mistake the word "quarterly" is used instead of the word "annually." *Held*, that the mortgage should be read as if the latter word were inserted in the place of the former.

Same—Election to declare Principal due.—Where, upon default in the payment of a part of the sum secured by a mortgage, the mortgagee is authorized to elect and declare the whole sum secured to be due and payable, he may exercise such election and declaration, in case of foreclosure by advertisement, by advertising a sale for the whole amount secured by the mortgage, and claiming the same to be due and payable in the notice of sale.

Appeal by plaintiff from an order of the district court for Washington county, *Crosby, J.*, presiding, sustaining a demurrer to the complaint.

*James N. & Ira W. Castle*, for appellant.

*McCluer & Marsh*, for respondent.

BERRY, J. On January 3, 1877, the plaintiff and his wife made a mortgage of two parcels of land to Murphy, to secure two promissory notes, which are described in the mortgage as follows, viz.: "One for $500, payable November 1, 1877, and the other for $2,000, payable February 1, 1880, bearing ten per cent. interest per annum from date until paid; interest payable annually on the first day of February of each year." The mortgage contains the usual power of sale, and the provision following, namely: "It is further agreed that if default be made in payment of said note due November 1, 1877, with interest, or in the payment of any of the instalments of interest due quarterly, as provided herein, then and in that case the said second party shall have the right to elect and declare that the whole sum then due or secured thereby shall be deemed as then due and payable." Murphy, the mort-

gagee, assigned the mortgage to the defendant, who commenced to foreclose the same by advertisement. The notice of sale, which is dated February 7, 1879, claims that at that date there is due upon the mortgage the sum of $2,203.33.

This action is brought to enjoin the sale. The complaint alleges that the $500 note has been paid and taken up; that the interest on the $2,000 note up to February 1, 1878, has also been paid, and that there is due upon the $2,000 note the sum of $200, only, being interest thereon for the year ending February 1, 1879. The defendant, in his advertisement, evidently proceeds upon the theory that the provision which we have quoted from the mortgage authorizes him to declare the whole mortgage debt to be due, upon default in the payment of the *annual* interest on the $2,000 note. The plaintiff claims—and this is one of the grounds upon which he asks an injunction—that this provision has reference to a default in the payment of interest due *quarterly*, and, therefore, does not refer to the interest upon the $2,000 note, which falls due annually.

After authorizing the mortgagee to declare the whole mortgage debt to be due, in case of default in the payment of the principal and interest of the $500 note, both of which became due in nine months from the time when the note was made, the mortgage provision mentioned proceeds to provide for the case of a default "in the payment of any of the instalments of interest due quarterly, as herein provided." As the mortgage provides for no *instalments* of interest to be due at any time, except those to be due annually upon the $2,000 note, we have no doubt that the word "quarterly," through a mere clerical mistake of the scrivener, was used instead of the word "annually," and that it has reference to the annual instalments of interest upon the $2,000 note, and should be read accordingly.

It follows that, by the mortgage provision mentioned, the mortgagee was authorized to elect and declare that the

whole sum secured by the mortgage should be deemed as due and payable upon default in the payment of a year's interest upon the $2,000 note. The complaint admitting that such default has occurred, the right to elect and declare has accrued. If the mortgagee had desired to foreclose by action he might exercise his right to elect and declare by proceeding in his complaint to claim the whole amount secured to be due and payable, and praying a foreclosure accordingly. It would not be necessary for him to give any notice of such election and declaration, before commencing suit. The institution of the action is sufficient. *Northwestern Mutual Life Ins. Co.* v. *Allis*, 23 Minn. 337. We think that an analogous rule should obtain in a case of foreclosure by advertisement. For the purpose of accomplishing a foreclosure, the proceeding by advertisement takes the place of an action; and the publication, and the personal notice required to be given to the occupant of the mortgaged premises, take the place of the service of process by which an action to foreclose is commenced. Hence, there is no reason why the right to elect and declare, which, in case of foreclosure by action, is exercised by the bringing of the suit, should not, in case of foreclosure by advertisement, be exercised by advertising a sale for the whole amount secured by the mortgage, and claiming the same as due and payable in the notice of sale. Such advertisement and claim necessarily imply an election and declaration to treat the whole sum secured as due and payable, and to foreclose accordingly. These are the only points made by the plaintiff which require special consideration.

Order affirmed.