21126. HILL *v.* WHITMER COMPANY.

JENKINS, P. J. 1. A written agreement providing for the sale, by a corporation manufacturing medicines, extracts, stock foods, and other such goods, of such commodities, for resale by the purchaser to his own customers, the purchaser agreeing "to pay said company for all goods purchased under this agreement the current wholesale prices of such goods by remitting in cash each week to said company not less than 50 per cent. of the cash receipts from his business until his account.is balanced," the contract further providing that it should continue in force so long as the account and the amount of the purchases were satisfactory to the company, but providing that the purchaser or his guarantors might

be released from the agreement "at any time by paying in cash the balance due said company on account," and stipulating that the purchaser should be entitled to a discount of three per cent. from current wholesale prices, provided he paid his account in full on or before the 10th of each month, and should be entitled to a discount of five per cent. when cash remittances accompanied his orders, was not a contract of partnership or agency; and the provision for the payment for goods sold by "remitting in cash each week to said company not, less than 50 per cent. of the cash receipts from his business until his account is balanced," could not reasonably be construed as limiting the liability on account of such purchases to fifty per cent. of the amount of the cash received by the purchaser from resales of the commodities.

2. In a suit for the purchase-price of goods furnished, the answer of the defendant, setting up that he had already remitted to the plaintiff more than one half of the cash receipts from resales of the goods purchased from the plaintiff, set forth no defense; and since the answer admitted the purchases and the correctness of the account, the court did not err in directing a verdict, on the pleadings, in favor of the plaintiff.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 15, 1931.

*J. A. Drake,* for plaintiff in error. *N. L. Stapleton,* contra.

