LEE *et al. v.* O'QUINN.

No. 11620. MARCH 10, 1937.

*Heath & Heath,* for plaintiffs. *John Rogers,* for defendant.

HUTCHESON, Justice. The plaintiffs in error jointly contracted for the purchase of certain property. A down payment was made, and the balance of the purchase-price was to be paid in monthly installments of named amounts. The contract recited that the joint note given for the balance of the purchase-price contained a stipulation that "in the event of a default in any one installment, which remains in default for five days, then and in that event all future installments will at once, without further notice or action, immediately become due and payable; and in the event of such a default in any one installment, said principal debt shall without further notice mature, and the entire amount shall be payable to the same extent as if the indebtedness had regularly matured." The note actually contained the following provision: "In case said installments, or any of them, are not paid within five days after the same becomes due, or a failure on the part of the makers

of this note to faithfully perform each and every covenant of a contract of purchase of which this note is given for the balance of the purchase-price, the whole of said principal sum shall forthwith become due and payable at the option of the holder of this note." The contract provided: "Should the said parties of the second part fail to pay any taxes or assessments against said property, . . ' or . . fail to pay promptly when due any monthly installment on said purchase-money note, . . and any such default continue for a period of five days, then and in such events, or either of them, the party of the first part . . may at once declare the entire balance of the purchase-price . . due and payable at once, anything in this contract or the note representing said indebtedness to the contrary notwithstanding;" and that the power of sale contained therein may be exercised, "in the event said indebtedness for the purchase-price . . is not paid at maturity, or is declared due before maturity by reason of a failure to comply with any of the covenants in this contract." Time was declared to be of the essence of the contract. *Held:*

1. The recitals in the contract as to the acceleration provisions contained in the note being in conflict with the actual provisions of the note, and with the provisions as to acceleration contained in the contract itself, the actual provisions of the note and the contract must prevail.

2. Under the provisions of the note and the contract, the entire indebtedness does not ipso facto become due five days after default, but it is necessary that some affirmative action be taken by the creditor evidencing his intention to take advantage of the acceleration clause; otherwise the provision has no operation, and the debtor has a right to tender the sums in default. The creditor can not in his own mind effectively exercise the option to declare the whole principal due; he must communicate his decision to the debtor, or manifest it by some outward affirmative act sufficient to constitute notice of his election, such as service of notice of attorney's fees (*Harris* v. *Powers,* 129 *Ga.* 74, 58 S. E. 1038, 12 Ann. Cas. 475), the filing of suit for the entire debt (*Pape* v. *Woolford Realty Co.,* 35 *Ga. App.* 284 (2), 134 S. E. 174), written notice of his exercise of the option (*Jones* v. *Norton,* 9 *Ga. App.* 333, 71 S. E. 687), or by advertisement under the power of sale, to collect the entire principal (Fowler *v.* Woodward, 26 Minn. 347, 4 N. W. 231).

3. Where the creditor attempts to exercise such option by giving written notice thereof to the debtor by mail, and before reeciving such notice the debtor tenders the amount in default, such notice will not be effective to accelerate the maturity of the other installments. *McRae* v. *Federal Land Bank of Columbia,* 36 *Ga. App.* 51 (2), 135 S. E. 112; Matzger *v.* Page, 62 Wash. 170 (113 Pac. 254) ; Stalder *v.* Riverside Groves & Water Co., 167 Cal. 560 (140 Pac. 252).

4. If the debtors are joint and not several obligors, the receipt of such notice by one of them before a tender of the amount in default, which notice is not received by the others before such tender, will not operate to accelerate the maturity of the future installments. *Rogers* v. *Burr,* 105 *Ga.* 432 (4) (31 S. E. 438, 70 Am. St. R. 50).

5. Where the creditor under such contract advertised the property for sale, and the advertisement recited that the property was being advertised for sale pursuant to the provisions of said contract, and that, the debtors having failed to pay a certain installment within five days after it became due, the creditor had elected to and did declare the balance principal due, and the evidence adduced upon an interlocutory hearing, on petition of the debtors seeking to enjoin such sale, showed without dispute that a tender of the unpaid installment was made by the joint debtors who had not received a written notice mailed by the creditor declaring the balance due, the notice was ineffectual to accelerate the maturity of the future installments.

6. The evidence also disclosed that the debtors, for about six months before the advertisement of sale, had failed to pay certain taxes due against the property. Although the failure to pay the taxes may have been an additional ground for accelerating the maturity of the future installments (*McRae* v. *Federal Land Bank of Columbia,* supra), and even if the advertisement of the property for sale might ordinarily have been an effective exercise of the option to declare the future installments due on that ground, the creditor, having expressly attempted to exercise the option because of the alleged failure to pay one of the installments (as stated in the advertisement), in effect waived his privilege of declaring the balance due on any other ground in so far as that particular exercise of the option was concerned.

7. The fact that the debtors had not offered to pay said taxes before the advertisement of sale, or at the time of the interlocutory hearing (although the creditor, after the advertisement and before the hearing, paid the taxes which then, according to the terms of the contract, became a part of the principal debt), would not prevent the debtors from enjoining the sale, as against the contention that he who would have equity must do equity (Code, § 37-104) and tender the amount admitted to be due under the contract, the enforcement of which it was sought to enjoin.

8. Under the above rulings the court erred in refusing an interlocutory injunction.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents.*