47121. CHRYSLER CREDIT CORPORATION et al. v. BARNES.

ARGUED APRIL 6, 1972—DECIDED MAY 25, 1972—
REHEARING DENIED JUNE 14, 1972—

Levine, D'Alessio & Cohn, Morton P. Levine, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., for appellants.

Scheer & Elsner, Robert A. Elsner, Gary I. Wittick, for appellee.

EBERHARDT, Presiding Judge. ■ Defendants contend that they were entitled to summary judgment as to Counts 1, 2 and 3 of the complaint, all of which allege a wrongful and illegal repossession, for the reason that plaintiff was in default because of her failure to make the first payment of $129.99 on November 10, and that under paragraph 2 of the contract defendant had the right to declare the unpaid balance immediately due and payable and to take immediate possession of the automobile. Plaintiff contends, inter alia, that because of defendants' failure on November 12 to grant any extension of time reasonably necessary to procure payment in legal tender, her tender by check on that date was sufficient because made by means current in the ordinary course of business. UCC § 2-511 (2) (Code Ann. § 109A-2—511 (2)). In response defendant contends that "The essence of the principle involved in subsection (2) is avoidance of commercial surprise at the time of performance" (UCC § 2-511, Comment 3, 1962 Official Text); that the time for performance with regard to the

payment had passed on November 12; and that Chrysler had a perfected right to refuse tender except on its own terms and to repossess the automobile on the evening of November 12. In summary it is defendants' position that "Code § 109A-2—511 (2) was drawn to apply only to a situation where a debtor, not previously in default, seeks timely to make a payment by check or other commonly recognized means. Said Code section means that had Mrs. Barnes, by mail or in person, presented a check to Chrysler at a time when she was not in default, Chrysler, before demanding cash, would have had to give her a reasonable time to obtain the cash."

Pretermitting questions relating to plaintiff's position that she mailed a check for the payment on November 10, and Chrysler's position that it did not receive it (see *Sullivan Enterprises v. Stockton,* 118 Ga. App. 542 (164 SE2d 336), *Watkins Products, Inc. v. England,* 123 Ga. App. 179 (1) (180 SE2d 265)), and further pretermitting the effect of tender on the 13th before written notice of the acceleration of the debt (cf. *Lee v. O'Quinn,* 184 Ga. 44, and *White v. Turbidy,* 227 Ga. 825, both infra), the issue with respect to the applicability of UCC § 2-511 (2) to the events of November 12 thus boils down to whether plaintiff had a right to tender the payment on that evening. If so, UCC § 2-511 (2) (*Code Ann.* § 109A-2—511 (2)), which provides that "Tender of payment is sufficient when made by any means or in any manner current in the ordinary course of business unless the seller demands payment in legal tender and gives any extension of time reasonably necessary to procure it," is applicable and prevents summary judgment being granted as to the first three counts of the petition.

The Uniform Commercial Code provides, by *Code Ann.* § 109A-1—208, that "A term providing that one party or his successor in interest may accelerate payment or performance or require collateral or additional collateral 'at will' or 'when he deems himself insecure' or in words of similar import shall be construed to mean that he shall have power to do so only if he in good faith believes that

the prospect of payment or performance is impaired. The burden of establishing lack of good faith is on the party against whom the power has been exercised."

Whether this statutory provision affords to the holder of a security instrument on personalty a different right in the acceleration of the debt than is afforded under general law to the holder of a security instrument on realty has not confronted this court or the Supreme Court, nor do we deem it necessary to decide that issue in this summary judgment proceeding. We do hold, however, that, as the Supreme Court held in *Lee v. O'Quinn,* 184 Ga. 44, 45 (190 SE 564), that the entire indebtedness does not become due ipso facto upon a default in the making of an instalment payment on the due date thereof under the language of this instrument,[2] and "The creditor can not in his own mind effectively exercise the option to declare the whole principal due; he must communicate his decision to the debtor, or manifest it by some outward affirmative act sufficient to constitute notice of his election, such as service of notice of attorney's fees [cit.], the filing of suit for the entire debt [cit.], written notice of his exercise of the option [cit.], or by advertisement under the power of sale, to collect the entire principal [cit.]." This case was followed in *White v. Turbidy,* 227 Ga. 825, supra, another realty transaction.

In the instant case the affidavit of J. V. Morris, Chrysler's regional manager, states that "on November 12, 1969, the defendant, Chrysler Credit Corporation, declared plaintiff's contract in default and demanded the entire balance due, all as provided for in the said contract. . ." However, if Chrysler declared the contract in default and demanded the entire balance due on November 12 it appears that it did so "in its own mind" without communicating this to plaintiff. It was not until November 14 that Chrysler sent a letter to plaintiff to this effect. On the evening of November

---

[2]Whether by other language the acceleration clause can be made to be self-executing upon such a default we do not decide, but compare *White v. Turbidy,* 227 Ga. 825, supra.

12, Chrysler was demanding the instalment payment of $129.99—not the entire balance—and, under the authority of *Lee v. O'Quinn* and *White v. Turbidy,* supra, plaintiff had a right to tender the payment due. Since she had this right, she could tender payment "by any means or in any manner current in the ordinary course of business unless the seller [or person in the position of a seller (UCC § 2-707; *Code Ann.* § 109A-2—707)] demands payment in legal tender and gives any extension of time reasonably necessary to procure it." UCC § 2-511 (2) (*Code Ann.* § 109A-2—511 (2)). If the evidence does not demand a finding that plaintiff was not given an extension of time reasonably necessary to procure the demanded cash and that her tender by check was a tender in a manner current in the ordinary course of business, factual issues are presented as to these and other matters so that in either event summary judgment was properly denied as to Counts 1 through 3 of the petition.

■ Count 4 of the complaint alleges that Morres, Wagstaff's salesman who handled the sale of the automobile to plaintiff, was acting as agent for both Wagstaff and Chrysler, and that defendants failed to comply with Chapter 2 of Title I (Truth in Lending Act) of the Consumer Credit Protection Act (82 Stat. 146; 15 USCA § 1601 et seq.) in that plaintiff was not given full disclosure of the finance charges and was not given a duplicate of the Retail Instalment Contract. Section 131 of Chapter 2 (82 Stat. 146, 157; 15 USCA § 1641) provides: "Except as provided in section 125 (c) and except in the case of actions brought under section 130 (d) [not applicable here], in any action or proceeding by or against any subsequent assignee of the original creditor without knowledge to the contrary by the assignee when he acquires the obligation, *written acknowledgment of receipt* by a person to whom a statement is required to be given pursuant to this title shall be *conclusive proof of the delivery thereof and,* unless the violation is apparent on the face of the statement, *of compliance with this chapter."*

Plaintiff admits signing the "Retail Instalment Contract," and directly above her signature the following appears:

"Buyer acknowledges receipt of a completely filled-in copy of this contract." We are pointed to no violation apparent on the face of the contract, and the evidence is clear that Chrysler had no knowledge of the claimed nondelivery or other noncompliance.

However, plaintiff seeks to escape the application of § 131 by contending that there was an agency relationship between Wagstaff and Chrysler at the time the contract was executed by Wagstaff and plaintiff, so that Chrysler could be considered the original creditor. The affidavits filed by defendants here specifically deny an agency relationship and, on motion for summary judgment, "The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship." *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414 (184 SE2d 56).

Aside from defendants' affidavits negativing an agency relationship, the only other evidence bearing upon this question is that the contract forms were provided by Chrysler to be filled out by the various dealers at the time of sale; that Wagstaff was an independent dealer and financed some sales through Chrysler and some through others; that Chrysler does not accept the assignment unless the contract is properly filled out and there has been an approval by Chrysler of the buyer's credit; that Chrysler and Wagstaff had a general agreement as to financing of automobiles; and that the automobile was returned to Wagstaff under a "full repurchase" clause of the assignment.

Under general agency principles, we hold the evidence is insufficient to meet defendants' affidavits and create a triable issue of fact as to an agency relationship between Wagstaff and Chrysler at the time of the sale and the execution of the contract, and it was error to deny these defendants' motions for summary judgment as to Count 4 of the complaint. *Ennis v. Atlas Finance Co.,* 120 Ga. App. 849, 851 (172 SE2d 482); *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414, supra; *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580). Cf. *Burkhalter*

*v. Ford Motor Co.*, 29 Ga. App. 592 (116 SE 333); *Hill v. Whitmer Co.*, 43 Ga. App. 367 (158 SE 625); *Studebaker Corp. v. Nail*, 82 Ga. App. 779 (62 SE2d 198).

■ Defendants also complain of the trial court's denial of their motion for separate trial. The general rule is that under CPA § 42 (b) (*Code Ann.* § 81A-142 (b)) the matter rests within the broad discretion of the trial court which will not be interfered with unless it appears to have been abused. See, e.g., *Southern Concrete Co. v. Carter Constr. Co.*, 121 Ga. App. 573 (3) (174 SE2d 447); 5 Moore's Federal Practice, p. 42-24, § 42.03 (2d Ed., 1971). The order complained of was entered in conjunction with the denial of defendants' motions for summary judgment, and it appears clear that the trial court felt there was a question of fact as to an agency relationship between Wagstaff and Chrysler, which we do not find, and that there was some nexus between the claims asserted against defendants here and those asserted against Wagstaff and Morres. In view of the ruling made in Division 2, we think the proper disposition is to remand the question to the trial court for further consideration in light of the changed posture of the case.

*Judgments affirmed in part; reversed in part. Deen and Clark, JJ., concur.*