49862. C & S MOTORS, INC. et al. v. DAVIDSON.

BELL, Chief Judge.

Defendants' motion for partial summary judgment was denied and certified for review. The motion was addressed only to the portion of the complaint alleging conversion of plaintiff's automobile by reason of an alleged wrongful repossession.

The pertinent facts are not in dispute. The plaintiff purchased an automobile from defendants under an instalment sale title retention contract containing this provision: "If any installment of the debt hereby secured be not paid when due, or should there be any breach or default by Buyer in any of the terms, conditions, representations, warranties, or covenants contained

herein, or if any execution, attachment or other writ be levied on the property, or if a petition under the Bankruptcy Act be filed by or against any Buyer hereon, or if any Buyer makes an assignment for the benefit of creditors, or if the holder of this contract at any time deems itself insecure, then said holder shall have the right, at its option, without demand or notice of any kind, to declare this contract in default, and to declare the unpaid Total of Payments immediately due and payable and sue therefor; or take possession of the Vehicle wherever it may be found, including all parts and equipment placed thereon, and thereafter sell the Vehicle all in accordance with Article 9 of the Uniform Commercial Code or any other applicable laws of the State." Plaintiff defaulted in paying the installments when due. Defendants repossessed the car without giving any notice to plaintiff that the contract by reason of default was accelerated to maturity or of the repossession. *Held:*

Under the terms of this instrument, the entire indebtedness did not become due automatically on plaintiff's default in payment. The acceleration clause gave defendant the right, "at its option" to "declare" the contract in default and to "declare" the unpaid balance immediately due and payable. This required affirmative action by defendant of notifying plaintiff of its election to declare the contract in default and to accelerate it to maturity. The peremptory taking of the automobile without notice does not suffice. The language in the instrument that no notice was required is meaningless and of no effect. *Lee v. O'Quinn,* 184 Ga. 44 (2) (190 SE 564); *White v. Turbidy,* 227 Ga. 825 (2) (183 SE2d 363); and *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444 (191 SE2d 121).

The trial court did not err in denying the defendants' motion for summary judgment.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED FEBRUARY 7, 1975.

*Levy, Buffington & Adams, D. Merrill Adams,* for appellants.