### 52605. HORN v. FULTON NATIONAL BANK et al.

WEBB, Judge.

We initially affirmed the trial court's grant of Fulton National's motion for summary judgment. On appellant's rehearing motion we have reconsidered this case and have withdrawn our original opinion primarily because of a re-examination of two previous decisions of this court hereinafter cited.

Sidney Horn brought suit against The Fulton National Bank and Automobile Recovery Bureau, Inc. for wrongful repossession of his automobile without notice. It was alleged that his wife drove the automobile to work and when she later went into her employer's parking lot to drive home, the car was missing. The trial court granted defendants' motion for summary judgment, in effect holding that they were not required to give notice prior to repossession. We reverse under the terms of the agreements in question.

1. Upon default the secured party has the right to take possession of the collateral "unless otherwise agreed." UCC § 9-503 (Code § 109A-9—503).

2. Assuming, without deciding, that notice need not be given prior to a self-help repossession under § 9-503, was it "otherwise agreed" that notice would be given? The notes and security agreements in question provide: "In the event of a default, any of the Liabilities[1] may, at the option of the Bank and without demand or notice of any kind, *be declared,* by Bank, *and thereupon* immediately shall become due and payable and Bank may take possession of or retain and sell or otherwise dispose of the Collateral or any part thereof, charge Borrower's deposit accounts with the amount of the Liabilities or any part thereof, and exercise from time to time any and all rights

---

[1] Any indebtedness owed to the bank.

and remedies available to it under this agreement, any written instrument relating to any of the Liabilities or Collateral and any applicable law." (Emphasis supplied.)

"Under the terms of this instrument, the entire indebtedness did not become due automatically on plaintiff's default in payment. The acceleration clause gave defendant the right. . . to 'declare' the contract in default and to 'declare' the unpaid balance immediately due and payable. This required affirmative action by defendant of notifying plaintiff of its election to declare the contract in default and to accelerate it to maturity. The peremptory taking of the automobile without notice does not suffice. The language in the instrument that no notice was required is meaningless and of no effect." *C & S Motors, Inc. v. Davidson,* 133 Ga. App. 891, 892 (212 SE2d 502). Accord, *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585 (224 SE2d 437).

To escape these holdings, defendants urge that we should construe the above quoted sentence to mean that its provision for the "rights and remedies available to [Bank] under. . . any applicable law" (namely repossession without notice under the contended-for construction of § 9-503) is in addition to, and not dependent upon, the declaration of acceleration. While that construction is possible, it can with equal conviction be construed to mean that its enumerated rights to take possession, charge borrower's account, and exercise other rights and remedies are all triggered by the first-mentioned declaration of acceleration; and since we must accept that construction of the contracts which is least favorable to the bank and its agents (*Hodges Appliance Co. v. U. S. F. & G. Co.,* 133 Ga. App. 936, 937 (1) (213 SE2d 46)), we adopt the latter construction. Since the declaration of acceleration was required to be communicated (*Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444 (191 SE2d 121); *C & S Motors, Inc. v. Davidson,* 133 Ga. App. 891, supra; *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585, supra), and an issue of fact exists as to whether a notice of acceleration was properly made, summary judgment was improperly granted. The language in the agreements, including a separately-executed document, that the bank could take

possession of the collateral without prior notice to the debtor of any kind, conflicts with the requirement that the declaration of acceleration be communicated to him and is unenforceable. *C & S Motors, Inc. v. Davidson,* 133 Ga. App. 891, supra.

While defendants express great concern that *C & S Motors* and *Milline,* supra, as well as this case, represent unwarranted judicial tampering with the right to repossession without notice as authorized by § 9-503, it must be noted that § 9-503 does not, by its terms, address the question of whether notice is or is not required; and neither *C & S Motors, Milline,* nor this case decides that question. All we here hold is that, under the wording of the agreements as quoted above, the right to repossession, as well as "all rights and remedies available to it under . . . any applicable law [§ 9-503]" was made dependent upon the acceleration of the debt which was required to be declared. Whether the agreements construed in *C & S Motors* and *Milline* adequately preserved the secured party's rights under § 9-503, whatever those rights may have been, need not now be determined since the agreements are worded differently.

3. Defendants contend here for the first time that partial summary judgment should be granted. However, the questions sought to be raised in this manner have not been ruled upon below, and we decline to do so for the first time here.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

Argued September 14, 1976 — Decided November 1, 1976 — Rehearing denied November 29, 1976 — 

*Cullen M. Ward, James C. Carr, Jr.,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, A. Stephens Clay, William A. Wright,* for appellees.