## 52948. BROCK et al. v. GENERAL MOTORS ACCEPTANCE CORPORATION.

QUILLIAN, Presiding Judge.

The defendants appeal from a judgment for the plaintiff entered upon a directed verdict. The plaintiff filed for foreclosure of personal property, to wit: a 1975 Chevrolet Blazer purchased by the defendants under an installment sales contract. The defendants answered and counterclaimed. At the hearing (Code Ann. § 67-704; Ga. L. 1974, pp. 398, 400) the trial judge struck all the defenses save one, that: "All payments due under said contract have been tendered by Defendants to Plaintiff, prior to Plaintiff's accelerating the entire balance to be due." At the trial, this defense was also stricken and a verdict directed for the plaintiff. *Held:*

1. The enumeration of error complaining that it was error to strike the defendants' counterclaim is without merit. At the trial after the trial judge ruled, defendants' counsel acquiesced in such ruling by stating: "So far as the counterclaim is concerned, I don't oppose Your Honor's motion."

2. The plaintiff contended that the defendants failed to make two payments (one December and one January) on the note and that it thereby, under the contract's acceleration clause, sought the balance due. The defendants contended the payments were tendered prior to the plaintiff opting for acceleration. On the hearing, a witness for the plaintiff stated, by hearsay, that only one payment was tendered. Counsel for defendants offered to prove that both payments were tendered but no evidentiary showing was made.

At the trial, on motion by the plaintiff the defense was stricken and a verdict was subsequently directed for the plaintiff. This was error.

The terms of this instrument "required affirmative action by defendant of notifying plaintiff of its election to declare the contract in default and to accelerate it to maturity. The peremptory taking of the automobile without notice does not suffice. The language in the instrument that no notice was required is meaningless and of no effect." *C & S Motors, Inc. v. Davidson,* 133 Ga.

App. 891, 892 (212 SE2d 502). Accord, *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 451 (191 SE2d 121); *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585, 588 (224 SE2d 437); *Horn v. Fulton Nat. Bank,* 140 Ga. App. 568.

If the full amount owed (2 payments) was tendered to the plaintiff prior to the acceleration of the instrument then the defendants would have had a valid defense. *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585, 588, supra. The defendants should have been allowed the opportunity to produce evidence in this regard.

The judgment must be reversed for this reason.

3. The remaining enumerations of error are without merit.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED NOVEMBER 22, 1976.

*Kirby G. Bailey,* for appellants.
*Thompson & Bonner, Virginia Bonner,* for appellee.