### 52926. FORD MOTOR CREDIT COMPANY v. HUNT.

WEBB, Judge.

This appeal concerns a tort action brought by the debtor, Hunt, against the secured creditor, Ford Motor Credit Company, for wrongful repossession of Hunt's new car.

Hunt bought the 1972 Mercury in March, 1972, from a retailer, and entered into an automobile retail installment contract covering the purchase and financing of the vehicle. The contract was subsequently assigned to Ford. Under the contract, Hunt was to pay the amount financed in equal monthly installments, which he did for a period of time thereafter. Hunt then failed to make payments for four consecutive months. In April, 1973, while the contract was still in default, Ford repossessed the car from Hunt's residence. Ford did not give any prior notice to Hunt of the repossession, nor did it notify Hunt that it was going to declare the entire balance due under the acceleration clause of the contract. It notified Hunt the following day that it had repossessed the car and informed him of his right to redeem the property within

ten days upon paying the balance due. Hunt did not redeem the car, and Ford subsequently sold it resulting in a deficiency.

Hunt then brought this tort action against Ford for wrongful repossession and trespass. Ford counterclaimed for the deficiency, and both parties moved for partial summary judgment as to their respective claims. The trial court denied Ford's motion and granted Hunt's, concluding that Ford's repossession without notice to Hunt constituted a tort. Ford appeals, enumerating as error both the grant and the denial of the respective motions for partial summary judgment.

1. Upon default the secured party has the right to take possession of the collateral "unless otherwise agreed." UCC § 109A-9—503.

2. Was it "otherwise agreed" under the default paragraph in the contract here? It provides:

"In the event Buyer defaults in any payment, or fails to obtain or maintain the insurance required hereunder, or fails to comply with any other provision hereof, or a proceeding in bankruptcy, receivership or insolvency shall be instituted by or against Buyer or his property, or Seller deems the Property in danger of misuse or confiscation, or Seller otherwise reasonably deems the indebtness or the Property insecure, Seller shall have the right to declare all amounts due, or to become due hereunder to be immediately due and payable *and* Seller shall have all the rights and remedies of a Secured Party under the Uniform Commercial Code including the right to repossess the Property wherever the same may be found with free right of entry, and to recondition and sell the same at public or private sale." (Emphasis supplied.)

It will be observed that the declaration-of-acceleration clause and the repossession clause are joined together by the word "and." Should that word be construed in the conjunctive in the sense that the right to repossess is in addition to, and independent of, the right to declare acceleration?" Certainly the word "and" has that meaning.

But it has many others as well. One of them involves the notion of consequence or sequel. As Webster's Second has it, "And. 1. Expressing the general relation of . . .

614

sequence; thus: . . . linked to; . . . then . . . Also, having an implication of: . . . d. A consequence or sequel." Webster's New International Dictionary (2d Ed. 1960).

Thus the contract can well be read: "Seller shall have the right to declare [acceleration] and [then] Seller shall have [repossession rights]," those rights being a logical consequence of, or sequel to, or that which follows upon or is triggered by, the declaration of acceleration. In my view we must adopt this latter construction since it is the least favorable to the creditor, which could have chosen words of precision. Code Ann. § 20-704 (5); *Hodges Appliance Co. v. U.S. F. & G. Co.,* 133 Ga. App. 936 (3) (213 SE2d 46) (1975). Consequently, this case is controlled by *Horn v. Fulton Nat. Bank,* 140 Ga. App. 568, and the grant to plaintiff of partial summary judgment as to liability is affirmed.

3. Ford also seeks review of the denial of its motion for summary judgment which apparently went to both the plaintiff's claim and its counterclaim. The Supreme Court recently disapproved of our holding in *Ga. Motor Club v. Nat. Bank &c. Co.,* 137 Ga. App. 521 (2) (224 SE2d 498) (1976) which would have permitted review of this denial without requiring interlocutory appeal procedures. Ga. L. 1975, p. 757 (Code Ann. § 6-701 (a) 2 (A)); *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (2) (229 SE2d 753) (1976). It is apparent that the Supreme Court intended, by that ruling, to require that appeals from all orders of denials of motion for summary judgment be controlled by the interlocutory appeal procedure. We follow that ruling and, because those procedures were not followed, do not review this portion of the appeal.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Stolz, McMurray and Smith, JJ., concur. Marshall and Shulman, JJ., dissent.*

ARGUED OCTOBER 13, 1976 — DECIDED FEBRUARY 28, 1977 — REHEARING DENIED MARCH 16, 1977 —

*Levine, D'Alessio & Cohn, Morton P. Levine, Homer S. Mullins,* for appellant.

*Scheer & Elsner, Robert A. Elsner, Ronald A.*

*Matamoros,* for appellee.

MARSHALL, Judge, dissenting.

The creditor's right to repossession, without notice, is a remedy additional to and independent of its right to declare acceleration, both under the law and under the terms of this contract. Notice prior to repossession is not required under the UCC[1] nor by the Constitution.[2]

The majority finds notice required by the terms of the contract because the creditor must declare (out loud) acceleration and "then" repossess. Such a construction is

---

[1] "The right to repossess is absolute once default has occurred; the secured party is not required to give advance notice of his intention to retake the property . . ." Gilmore, Security Interests in Personal Property 1213, § 44.1 (1965). "The Code itself does not require any notice to the debtor prior to taking of possession." Adams v. Southern California First National Bank, 492 F2d 324 (9th Cir., 1974), cert. den. 419 U.S. 1006 (95 SC 325, 42 LE2d 282). See United States v. Pirnie, 339 FSupp. 702, 712 (D. Neb. 1972), affd., 472 F2d 712 (8th Cir. 1973); Thompson v. Ford Motor Credit Co., 324 FSupp. 108, 114 (D.C.D.S.C. 1971); Weaver v. O'Meara Motor Co., 452 P2d 87 (Alaska, 1969); Hawkins v. General Motors Acceptance Corp., 250 Md. 146 (242 A2d 120) (1968); Kroeger v. Ogsden, 429 P2d 781 (Okla. 1967); Phil Phillips Ford, Inc. v. St. Paul Fire & Marine Ins. Co., 454 SW2d 465 (Tex. Civ. App. 1970), affd., 465 SW2d 933 (Tex. 1971). See also Ford Motor Credit Co. v. Ditton, 52 Ala. App. 555 (295 S2d 408), cert. den., 292 Ala. 423 (295 S2d 412) (1974); Riley v. Motorists Mutual Ins. Co., 176 Ohio St. 16 (197 NE2d 362) (1964) (repossession without notice cannot be considered a theft); 69 AmJur2d 495, Secured Transactions, § 598.

[2] We note that the constitutionality of self help repossession under Code Ann. § 109A-9—503 is by no means settled. See James v. Pinnix, 495 F2d 206 (5th Cir. 1974); 26 Mercer L. Rev. 1421; King v. South Jersey National Bank, 66 N.J. 161 (330 A2d 1) (1974). However, the question is not raised in this case. See *Philyaw v. Fulton Nat. Bank,* 139 Ga. App. 28 (227 SE2d 811).

contrary to the law and to the intent of the parties.

Repossession is not triggered by declaration of acceleration. Code Ann. § 109A-9—503 provides that "on default," the creditor is entitled to repossession. Under the terms of the contract a "default" occurs when a payment is missed. Thus, under the UCC, the only act which triggers the right to repossess is the default of the debtor — missing a payment. We find nothing in the language of the contract, nor under the law, that makes a creditor's right to repossess dependent upon his having first declared an acceleration of the payments.

The right of acceleration is an additional right of the creditor. The contract provides: "In the event Buyer defaults in any payment . . . seller shall have the right to [declare acceleration] *and* seller shall have . . . the right to repossess the Property . . ." (Emphasis supplied.) These rights are cumulative and independent. Code Ann. § 109A-9—501 (1). See also *McCullough v. Mobiland, Inc.,* 139 Ga. App. 260, 263 (228 SE2d 146). That the creditor also had the right to accelerate and indeed may have already accelerated payments in this case did not affect its right to repossess. The acceleration clause is not made superfluous by the construction we give the contract because it is an additional remedy to which the creditor may resort in case of default. For example, Ford could have declared acceleration and sued on the entire debt (rather than on the missed payments) without exercising its repossession right. While it is apparent in this case that Ford did not properly "declare" acceleration under *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 451 (191 SE2d 121), such failure cannot affect its independent *right to repossess,* which, after all, is the alleged wrongful act upon which the debtor bases this suit.

Nor is it necessary for the debt to have matured before repossession rights may be exercised. Code Ann. § 109A-9—504 (1) (b) provides that after the creditor has repossessed the property, it may sell or otherwise dispose of it and apply the proceeds of disposition to the satisfaction of the "indebtedness secured by the security interest." The "indebtedness" referred to is the entire contract debt — whether it has matured through acceleration or not. Nowhere under Code Ann. §

109A-9—501 et seq. is there any requirement that the "indebtedness" be matured as a prerequisite to the right of repossession on default. We cannot read such a requirement into this contract. To read a notice prerequisite into the UCC or into the contract where it is not otherwise required, we believe would constitute interference with the parties' obligations of contract. Constitution of United States, Art. I, Sec. 10 (Code § 1-134).

Furthermore, in construing a contract the rule of construction which prevails over all other rules of construction is that the contract be construed so as to give effect to the intent of the parties. "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Code § 20-702. Every other rule is subservient to this one (*Shorter v. Methvin*, 52 Ga. 225, 230; *Bridges v. Home Guano Co.*, 33 Ga. App. 305, 309 (125 SE 872)), including the rule (Code Ann. § 20-704 (5)) cited by the majority. It is inconceivable that the parties would have included a clause in their contract providing for Ford to have all the rights and remedies afforded by the UCC (including the right to repossess without notice) if they had not *intended* for Ford to have those remedies.

Because notice of repossession was not required under this contract, Ford lawfully exercised that right and should not be liable in tort.

I am authorized to state that Judge Shulman joins in this dissent.