32009. FULTON NATIONAL BANK et al. v. HORN.

HILL, Justice.

Sidney Horn executed a note and security agreement to the Fulton National Bank granting the bank a security interest in a vehicle. Horn got behind in his payments and the bank had his automobile repossessed. Horn recovered the car four days later and then brought this tort action against the bank for wrongful repossession without notice and wrongful retention of the vehicle. The bank's motion for summary judgment was granted by the trial court.

The Court of Appeals initially affirmed the trial court's order but on motion for rehearing it reversed, relying on *C & S Motors, Inc. v. Davidson,* 133 Ga. App. 891 (212 SE2d 502) (1975), holding that language in the instrument that no notice was required is meaningless and of no effect. *Horn v. Fulton Nat. Bank,* 140 Ga. App. 568 (231 SE2d 405) (1977). We granted certiorari as it appeared that the Court of Appeals may have been misled by a decision or decisions of this court.

The crucial provision of the agreement states: "In the event of a default, any of the Liabilities [any indebtedness owed the bank, whether due or to become due] may, *at the option* of the Bank and *without demand or notice* of any kind, be *declared,* by Bank, and thereupon immediately shall become due and payable and Bank may take possession of or retain and sell or otherwise dispose of the Collateral or any part thereof, charge Borrower's deposit accounts with the amount of the Liabilities or any part

thereof, and exercise from time to time any and all rights and remedies available to it under this agreement, any written instrument relating to any of the Liabilities or Collateral and any applicable law." (Matter in brackets and italics added.)

The Court of Appeals construed this provision as requiring the bank to give notice of acceleration before it could repossess. In reaching this interpretation the court followed *C & S Motors, Inc. v. Davidson,* supra, holding that the words "without notice" are meaningless and of no effect. We disagree with the Court of Appeals and in so doing announce that *C & S Motors, Inc. v. Davidson,* supra, and its progeny, will not be followed.

In *Lee v. O'Quinn,* 184 Ga. 44 (190 SE 564) (1937), there were a contract of purchase of land and a promissory note. The contract provided that in the event of default the creditor "may at once declare" the entire balance of the purchase price due and payable. The note provided that in the event of default "at the option of the holder" the principal sum shall forthwith become due. However, the contract *recited* that the note provided that in event of default the unpaid balance shall become due "at once" and "without further notice or action." The recital did not mention the creditor's option. The court in Division one of the opinion held that the *recital* in the contract as to what the note provided could not prevail over what the contract and note actually provided. In Division two, the court (reading the words "may . . . declare" and "at the option of the holder") held that under the provisions of the note and contract in order for there to be acceleration the creditor must take some affirmative action evidencing his intention to take advantage of the right of acceleration and that the exercise of the option to declare the balance due could not take place in the creditor's mind but must be communicated to the debtor or manifested by some affirmative act sufficient to constitute notice of election such as filing suit for the entire debt.

In *White v. Turbidy,* 227 Ga. 825 (183 SE2d 363) (1971), the promissory note secured by deed to secure debt provided that in event of default the entire principal and accrued interest "shall, at the option of the holder, without notice to the [maker], become due. . ." Citing *Lee*

*v. O'Quinn,* supra, the court held that where the holder of a note has an option to declare acceleration, acceleration occurs only upon declaration thereof by the holder and notification thereof to the debtor. The court in *White* restricted *Lee v. O'Quinn* unnecessarily. *Lee* held that where the creditor has an option to declare the unpaid balance due, the exercise of that option must be communicated to the debtor or manifested by affirmative act constituting notice of election. *White v. Turbidy* appears to have referred only to the communication and not to have given effect to the "without notice" provision in the note there under consideration. See also *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444 (191 SE2d 121) (1972), where the contract gave the seller the right, "at its election, to declare the unpaid portion" immediately due.

In *C & S Motors, Inc. v. Davidson,* supra, the court read *Lee v. O'Quinn, White v. Turbidy* and *Chrysler Credit Corp. v. Barnes,* supra, as standing for the proposition that "The language in the instrument that no notice was required is meaningless and of no effect." In this, the court erred. The "without further notice" language in *Lee v. O'Quinn* was meaningless and of no effect because that recital was contrary to the provisions of the note and contract. The "without notice" language in *White v. Turbidy* was not given the effect it should have been given and there was no "without notice" language in *Chrysler Credit.*

Where the parties agree that in the event of default the creditor "may declare" acceleration, the exercise of the option to declare acceleration must be communicated to the debtor or manifested by some affirmative act sufficient to constitute notice to the debtor of acceleration, *Lee v. O'Quinn,* supra, but where the parties agree that in the event of default the creditor "may declare" acceleration "without notice" to the debtor, *Lee v. O'Quinn* is not applicable and, according to the agreement, notice of the declaration of acceleration need not be communicated to the debtor.

The Court of Appeals erred in this case by following *C & S Motors, Inc. v. Davidson,* supra, and by failing to give effect to the words agreed to by the parties: "without demand or notice of any kind." Moreover, under the terms

of the agreement here in issue, the bank had the right to "exercise . . . *any* . . . rights . . . available to it under this agreement . . ." and thus it had the right to repossess independently of its right to accelerate. There being no agreed requirement of notice attached to the right to repossess, notice was not required prior to repossession. *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585, 588, 591 (224 SE2d 437) (1976); Code Ann. § 109A-9—503; 69 AmJur2d 495, Secured Transactions, § 598. Thus notice prior to repossession was not required in this case, any issue of fact as to whether notice was received would not be material, and thus the trial court did not err in sustaining the defendant's motion for summary judgment.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only, and Undercofler, P. J., who dissents.*

ARGUED MAY 9, 1977 — DECIDED SEPTEMBER 7, 1977 —
REHEARING DENIED SEPTEMBER 27, 1977.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, A. G. Cleveland, Jr., William A. Wright,* for appellants.

*James C. Carr, Jr.,* for appellee.

*Charles M. Baird, Joseph H. King, Jr.,* amicus curiae.