## 55697, 55698. ACE PARTS & DISTRIBUTORS, INC. et al. v. FIRST NATIONAL BANK OF ATLANTA; and vice versa.

WEBB, Judge.

This proceeding originated as a suit on a note by the bank, a secured creditor, against the corporate debtor, Ace Parts, and two individual guarantors. By amendment the bank reduced the amount demanded in order to credit the proceeds of the sale of the collateral which the bank had repossessed, and the suit thus became one for a

deficiency judgment. Defendants appeal from a judgment in favor of the bank, and we affirm.

1. Defendants contend that the security agreement required the bank to give adequate notice of acceleration of the balance due before repossession, but for several reasons we find no merit in this assertion. The agreement provides: "Upon the failure of the Borrower to perform [its obligations] . . . thereupon, or at any time thereafter (such default not having been previously cured), the Bank at its option may declare all of the obligations to be immediately due and payable, *all without notice or demand,* and shall then have the remedies of a secured party under the Uniform Commercial Code of Georgia. . . including . . . the right to take possession of the collateral . . ." Had the agreement omitted the above italicized provision, then notice of acceleration, if otherwise required, would have been necessary (*Ford Motor Credit Co. v. Hunt,* 144 Ga. App. 281 (241 SE2d 9) (1977)); but since it was included notice was not required. *Fulton Nat. Bank v. Horn,* 239 Ga. 648 (238 SE2d 358) (1977); UCC § 109A-9—503.

Moreover, this is not an installment debt requiring an acceleration of the balance in the first place but is a lump sum obligation which was past due in its entirety. And while defendants point to the provision of the agreement setting forth remedies upon default, "(such default not having been previously cured)," this language precluding "accelerating" the debt in the event the default were cured is more in the nature of a condition than of the conferring of a right and cannot be stretched to require the creditor to afford an opportunity for that event to occur.

Finally, however, it appears that efforts were in fact made to renegotiate the loan, but after they fell through the repossession was accomplished with defendants' permission. It ill behooves them now to complain of an act in which they acquiesced, and we find no substance to the "no notice" claim.

2. Defendants assert that the bank did not dispose of the collateral in a commercially reasonable manner as required by UCC § 109A-9—504 (3), the result being that recovery of a deficiency judgment was barred. *Gurwitch v.*

*Luxurest Furniture Mfg. Co.,* 233 Ga. 934 (214 SE2d 373) (1975). It is contended that the bank failed to prove the value of the collateral at the time of repossession or that its resale price was fair and reasonable (see *Granite Equipment Leasing Corp. v. Marine Development Corp.,* 139 Ga. App. 778 (230 SE2d 43) (1976)), and it is further contended that the five or six-month delay in selling it constituted a "novation of satisfaction" of the debt. See *Bradford v. Lindsey Chevrolet Co.,* 117 Ga. App. 781, 782 (2) (161 SE2d 904) (1968).

We find no merit in these arguments. The voluminous record reveals that the collateral consisted of thousands upon thousands of automobile parts, each of which had to be individually inventoried, evaluated and priced. There was evidence that the total of all these items was approximately $39,000 at the time of repossession; that they were stored in the bank's warehouse at no charge to defendants; that bids were solicited from 150 auto parts dealers; that there were approximately one dozen inquiries; that five bids were submitted; and that the collateral was sold to the highest bidder for $15,000. We find nothing in all this to demand a finding of commercial unreasonableness.

3. Defendants contend that the court, in molding the judgment, amended the verdict in a matter of substance after the dispersal of the jury in violation of Code Ann. § 110-111. See *Roswell Rd.-Perimeter Hwy. Liquor Store v. Schurke,* 137 Ga. App. 145 (222 SE2d 847) (1975). Assuming for purposes of decision that error occurred, reversal is not required since the amount of the recovery was reduced by the court's action. "When a plaintiff in error brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." *Brown v. City of Atlanta,* 66 Ga. 71, 72 (1880).

4. In the cross appeal the bank complains of the court's failure to entertain its motion for judgment notwithstanding the judgment with respect to attorney and expert witness fees. However, it does not appear that a motion for directed verdict was made as to these matters as required by CPA § 50 (b) (Code Ann. § 81A-150 (b)), and

consequently the court properly did not entertain the motion. *Ga. S. & F. R. Co. v. Blanchard,* 121 Ga. App. 82 (4) (173 SE2d 103) (1970).

*Judgments affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED APRIL 6, 1978 — DECIDED APRIL 20, 1978 — REHEARING DENIED MAY 12, 1978 — 

*Peek & Whaley, John E. Sacker, Jr.,* for appellants. *Macey & Zusmann, Frank B. Wilensky, Charles E. Lamkin,* for appellee.