## 33331. FORD MOTOR CREDIT COMPANY v. HUNT.

Nichols, Chief Justice.

This is the second appearance of this case before this court. In its first appearance, this court granted certiorari and remanded the case to the Court of Appeals for reconsideration in light of this court's holding in *Fulton Nat. Bank v. Horn,* 239 Ga. 648 (238 SE2d 358) (1977).

On remand, the Court of Appeals (144 Ga. App. 281 (241 SE2d 9) (1977)) concluded that this case fell under the rationale of *Lee v. O'Quinn,* 184 Ga. 44 (190 SE 564) (1937), rather than *Horn,* "since the declaration-of-acceleration clause here does not provide that the creditor may declare acceleration 'without notice.' " Additionally, the Court of Appeals' opinion concluded that "[w]hile it can with propriety be argued that *Horn* holds that the right to repossess is in addition to the right to accelerate, we nevertheless believe that *Horn* provides insufficient ground for overturning our prior decision since *Horn,* in apparent dictum, leaps the chasm from acceleration clause to repossession clause without any construction of the word 'and.' In these circumstances we believe our prior decision must be allowed to stand."

This court clearly held in *Horn* that under the agreement there in issue, the creditor's right to repossess existed independently of its right to accelerate the indebtedness and that notice to the debtor is not required prior to repossession absent a provision in the agreement to the contrary. The conclusion of the Court of Appeals that this holding is mere dicta is erroneous.

The pertinent portions of the paragraph of the

agreement relating to the potential default read as follows: "Seller shall have the right to declare all amounts due or to become due hereunder to be immediately due and payable and seller shall have all the rights and remedies of a secured party under the Uniform Commercial Code including the right to repossess the property. . ." The only conclusion that can be reached after reading the entire contract of the parties including the words "seller shall have all the rights and remedies of a secured party under the Uniform Commercial Code including the right to repossess the property" is that the seller had not contracted away the right *under law,* to repossess without first giving notice. "There being no agreed requirement of notice attached to the right to repossess, notice was not required prior to repossession." *Fulton Nat. Bank v. Horn,* supra, p. 651; Code Ann. § 109A-9—503.

*Judgment reversed. Jordan, Hall, Hill and Bowles, JJ., and Judge Marion T. Pope, Jr., concur. Undercofler, P. J., dissents. Marshall, J., disqualified.*

ARGUED MARCH 14, 1978 — DECIDED MAY 23, 1978.

*Levine & D'Alessio, Morton P. Levine, Homer S. Mullins, Burgess W. Stone,* for appellant.

*Scheer & Elsner, Robert A. Elsner, William A. Gray,* for appellee.