## 63947. REDMOND v. MERRILL LYNCH RELOCATION MANAGEMENT, INC. et al.

McMURRAY, Presiding Judge.

This case involves an action for declaratory relief with reference to whether or not the holder of a deed to secure debt and note was entitled to accelerate the indebtedness and whether the plaintiffs

could restrain the holder from instituting any judicial action or from advertising the property for sale under the powers contained in the deed.

For the purposes of consideration of the case, the following facts have been admitted by stipulation of the parties or otherwise: On September 26, 1979, (stipulation shows September 26, 1981) W. Allen Eubanks and Patricia B. Eubanks executed a deed to secure debt and promissory note to Dwight W. Redmond with reference to an indebtedness of $34,000, plus interest, same being repayable in monthly installments of $297.06 each, commencing on November 1, 1979, and continuing on each and every month thereafter until the principal and interest had been paid in full, each installment when paid to be applied first to the payment of interest accrued on unpaid principal and the residue thereof to be credited on the principal.

On April 8, 1981, the Eubanks sold the property and assigned their obligation to Merrill Lynch Relocation Management, Inc. The deed was recorded on July 24, 1981. On that date, July 24, 1981, Merrill Lynch executed a deed conveying the property to Wilbur B. McCurry and Mary E. McCurry. The closing attorney contacted Redmond on July 23, 1981, about two days before the closing, for the purpose of determining the status of the note. Redmond informed him that the July payment had not been made, there was no proof of insurance and he wanted the closing attorney to bring foreclosure proceedings, at which time the closing attorney referred Redmond to another lawyer.

Merrill Lynch was responsible to the Eubanks to meet their obligations as to the note and loan deed and did not make the payment due July 1, 1981, until July 28, 1981. The payment was made to the closing attorney with reference to the sale of the property on July 24, 1981, and was duly received and accepted by Redmond's designated agent on July 28, 1981.

In the meantime, on July 27, 1981, Redmond had contacted his attorney and directed him to inform the Eubanks that the terms of the deed to secure debt and note would be strictly enforced and "that the entire debt would be accelerated."

Notice of the default and acceleration to the Eubanks was received by certified mail on August 3, 1981, which was *five days after receipt* of the payment of $297.06 by the designated agent to receive payment under the note held by Redmond. The note shows the designated agent to be Citizens First National Bank of Crystal River, Crystal River, Florida.

On October 13, 1981, the present action seeking declaratory relief was brought by Merrill Lynch and the McCurrys against Redmond, the defendant, a resident of Crystal River, Florida, by and

through his Georgia attorney who had given notice to the plaintiffs of his intention to sell the property in Rabun County, Georgia. Plaintiffs contend therein that they have proper jurisdiction and venue in Georgia for declaratory judgment and injunctive relief. Attached to the petition were a certified copy of the deed to secure debt, the notice of foreclosure seeking attorney fees, an additional letter on September 11, 1981, demanding full payment, contending, however, that the receipt of $591.12 paid by Merrill Lynch after the date of default was claimed as a set-off against damages, and enclosing a notice of sale under power in the deed to secure debt and the note.

The defendant Redmond answered, by and through his local attorney, admitting jurisdiction and venue and the substance of the complaint shown above, including the fact that the closing attorney of the sale from Merrill Lynch to the McCurrys had forwarded a check for the monthly installment payment due the defendant Redmond on July 1, 1981, to defendant's duly authorized agent which had been deposited to defendant's account by his agent on July 28, 1981. Defendant denied that he was not entitled to advertise and foreclose under the terms of the deed to secure debt or that any payment received after July 1, 1981, cured any default which may have existed prior to defendant's declaration and notice of acceleration or that no declaration of acceleration and notice was communicated to the owner of record as of July 30, 1981, namely the plaintiff McCurrys, although the defendant had been notified by receipt of a letter on July 29, 1981, of the assumption of said obligation by these plaintiffs.

Based upon the stipulation of counsel and admissions in the case defendant moved for summary judgment. The complaint and motion for summary judgment was heard by the court without a jury, based on the agreed stipulations of counsel. The court found defendant was not entitled to judgment as a matter of law in that the defendant did not negate any claim plaintiffs would have to equitable relief. The court then found in ruling on the declaratory judgment, that even though the defendant had the option to accelerate the maturity of the note and foreclose under the powers of sale contained in the deed to secure debt without notice to the maker after default and did, in fact, on July 27, 1981, instruct his attorney to mail a certified letter to the original obligors who had executed the note and deed to secure debt informing them of the default which had occurred and accelerate the maturity of the indebtedness, the defendant at that time knew that the Eubanks had conveyed the property to the plaintiff Merrill Lynch which had made several installment payments and that on July 24, 1981, a sale of the property to the plaintiff McCurrys had occurred.

However, on July 28, 1981, defendant's designated agent (the Florida bank) had accepted two full monthly installment payments (one from plaintiff McCurrys for August 1981 and one from the escrow account of the closing attorney stating that it was for the July 1981 payment (the delinquent installment)). The acceptance by the defendant was one day after the date of the letter giving notice of the default and acceleration which was forwarded by defendant's attorney to the Eubanks who did not receive said letter until "8-3-81." The court held these facts show the default under the terms of the note had been cured by defendant's acceptance of the two checks prior to the receipt of the notice of a default. The court also called attention to the fact that the defendant did, in fact, accept the delinquent payment, as well as another installment payment for September 1981 from the new owner prior to his further correspondence dated September 11, 1981, from his attorney to the Eubanks "in which the intention to exercise the power of sale was first communicated." The court held that in this instance waiver may be implied by acts and conduct "from which an intention to waive may be reasonably inferred by another party, and when such other party or parties relies upon such conduct, then equity should protect such parties and estop the party who waived such rights from a later attempt to exercise same," and the defendant's actions and conduct here constitute a waiver of his right to accelerate the note in question and to foreclose on the property described in the deed to secure debt under the power of sale contained therein. Defendant appeals contending the court erred in finding a waiver and in denying his motion for summary judgment based on the stipulation of facts. *Held:*

1. The plaintiffs (appellees) contend that the stipulation of facts in the trial court was used only in consideration of defendant's (appellant's) motion for summary judgment, and in hearing the declaratory judgment other evidence was considered; and the defendant has not produced a transcript of the evidence and proceedings in the trial court. However, the only stipulation of facts in the record approved by counsel was one for hearing on the merits of injunction under power of sale. The trial court in its findings of fact referred to the agreed stipulation of counsel. This is the only stipulation that we find in the case, consequently, we proceed to consider the case based on the court's findings of fact and conclusions of law which are found in the record even if other evidence was presented at trial. Further, we find no inconsistency with the stipulation and the trial court's findings of fact.

2. Defendant contends upon default he might accelerate the indebtedness without communicating any notice to the debtor of the

declarations of acceleration, citing *Fulton Nat. Bank v. Horn,* 239 Ga. 648, 650 (238 SE2d 358), reversing *Horn v. Fulton Nat. Bank,* 140 Ga. App. 568, 570 (231 SE2d 405). In that case where the parties agreed that in the event of default the creditor "may declare" acceleration "without notice" (the case sub judice having similar language in the note) "notice of the declaration of acceleration need not be communicated to the debtor." There the creditor exercised its right of repossession of an automobile, hence summary judgment in favor of the creditor was held to be proper in a suit for damages for wrongful repossession without notice. Accord, *Ace Parts & Distributors v. First Nat. Bank,* 146 Ga. App. 4, 5 (1) (245 SE2d 314), a deficiency judgment case after repossession of personal property and sale of the collateral. Defendant also contends that under *Philyaw v. Fulton Nat. Bank,* 139 Ga. App. 28, 30 (227 SE2d 811), the acceptance of the past due installment did not nullify the acceleration of the debt, nor the maturity of the remainder of the indebtedness where the election to accelerate is declared prior to the tender of the arrearage; and the acceptance of same was not a waiver of the prior default or undo the maturity of the remainder of the indebtedness. That case likewise involved a suit for alleged wrongful repossession of the collateral in which summary judgment granted to the creditor was affirmed.

Here, time was of the essence, and the creditor as holder was entitled, upon default, at his option, to declare the entire indebtedness due and payable and same "may be collected forthwith." The promissory note, however, and not the deed to secure debt, provides that upon default, the entire indebtedness, at the option of the holder, may become due and may be collected forthwith, without notice to the maker of the note. Thus, in the event of default of the obligations, including the indebtedness, by the terms of the deed to secure debt the land might be sold by the grantee holding an irrevocable power of attorney. On July 23, 1981, the indebtedness was admittedly in default (the status of the insurance is unknown, although defendant contended there was no proof of same), and upon inquiry to bring the indebtedness current, defendant attempted to employ the closing attorney to foreclose, that is, "[h]e wanted [this attorney] to [begin] foreclosure proceedings." The attorney refused and it is noted that the creditor did not advise him that he had at that time accelerated the entire indebtedness. On July 27, 1981, he contacted another attorney and directed him to correspond with the original makers of the note to inform them that the terms of the note "would be strictly enforced and that the entire debt would be accelerated." By letter dated July 27, 1981, his attorney advised the makers he was accelerating the entire indebtedness because of the default, and this letter was duly received by certified mail on August

3, 1981, which letter, incidentally, was also a notice of attorney fees. What were his intentions on July 28, 1981, when by and through his agent there was an acceptance of the past due installment due July 1, 1981? The loan instruments here contained "no automatic acceleration" but were "to be accelerated only upon declaration thereof by the holder and notification of such determination to the obligor. *Lee v. O'Quinn,* 184 Ga. 44, 45 (190 SE 564)." *White v. Turbidy,* 227 Ga. 825, 827 (2) (183 SE2d 363). Some affirmative action must be taken by the creditor to take advantage of the acceleration clause, that is, some affirmative act such as service of notice of attorney fees. *Lee v. O'Quinn,* 184 Ga. 44, 45, supra. From our examination of the evidence found in the record, the trial court was authorized to determine that the defendant failed to assert promptly his rights to declare to the owners of the property who had assumed the indebtedness that he was forthwith declaring the acceleration of the indebtedness while the loan was in default (non-payment of the July 1 payment). The loan became current upon the receipt of the July 1 payment by and through the defendant's agent in Florida on July 28, 1981, notwithstanding that the evidence shows that on July 27, 1981, he had instructed his attorney to advise the makers of the note that he was accelerating the indebtedness. Forfeitures of rights under valid legal contracts are not favored under the law. True, we are here considering the rights of both the grantors and the grantee under the deed to secure debt and the promissory note. "Our courts generally are quick to seize upon any waiver of a forfeiture, the rule being that the right to rescind for any breach must be asserted promptly, and a waiver of a breach or forfeiture can not be recalled." *Pearson v. George,* 209 Ga. 938, 945 (77 SE2d 1). See also Code § 37-216; *White v. Turbidy,* 227 Ga. 825, 826 (1), supra. "[A] waiver of a breach of forfeiture can not be recalled." *Pearson v. George,* 209 Ga. 938, 946, supra. Under the facts of this case the trial court was authorized in declaring the rights of the parties to hold that the defendant by his acts and conduct waived the right to rescind for the breach of the contract (default in payment of the note) which he failed to assert promptly, and having waived the breach it could not be recalled. Here the letter dated July 27, 1981, delivered by certified mail August 3, 1981, contained the giving of the statutory notice of intent to sue for attorney fees and the exercise of the option to declare the indebtedness due. But upon its receipt the loan was current. See *McRae v. Federal Land Bank,* 36 Ga. App. 51 (2) (135 SE 112). Compare *Harris v. Powers,* 129 Ga. 74, 75 (6) (58 SE 1038). Whether or not defendant intended to waive his rights his agent's acceptance of the arrearage prior to delivery of the declaration accomplished same. See *Mechanics Loan &c. Co. v. Fowler,* 57 Ga. App. 277 (2) (195

SE 222); *W. B. Leedy & Co. v. Shirley,* 97 Ga. App. 801, 807 (104 SE2d 580).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

Decided September 7, 1982.

John M. Brown, for appellant.
C. Lloyd Clay, Paul W. Stivers, Alan R. Perry, Jr., for appellees.