### 21410. DARNELL *v.* TONEY, administrator.

STEPHENS, J. 1. Where one of the parties to an executory contract institutes suit to recover upon an anticipatory breach thereof, he thereby treats the contract as having been renounced before its full performance by the other party. His bringing the suit amounts to an acceptance by him of the tendered breach of the contract. 37 C. J. 816.

2. This being a suit to recover damages for the breach of an alleged contract by which the defendant's intestate, who was the plaintiff's aunt, had agreed that in consideration of the defendant's living with her and performing certain services for her during her life, such as looking after her affairs and promoting her comfort and welfare, she would furnish the plaintiff sufficient land and stock for him to make a crop, and would deliver to him certain notes of his held by her husband, and would will to the plaintiff a certain tract of land, and that the plaintiff performed his obligations under the contract until the defendant's intestate repudiated the contract and notified him to leave her home, which he did, and it appearing from undisputed evidence in support of the defendant's plea of the statute of limitations that, more than four years prior to the present suit and during the lifetime of the defendant's intestate, the plaintiff instituted suit against her for an alleged breach of this contract, in that she "notified plaintiff that he must leave and that she did not intend to pay him anything," and that she "repudiated" some of her obligations under the contract and rendered herself incapable of performing the others, the conduct of the defendant's intestate in failing to perform the contract amounted to a tender of a breach of the contract, and the plaintiff's conduct in thereafter instituting suit against her as for a breach of the contract amounted to an acceptance of the tender of a breach, and the plaintiff's right of action for a breach of the contract then accrued. The present suit having been instituted more than four years after the accrual of the plaintiff's right of action and the dismissal of the former suit, the present suit is barred by the

statute of limitations, and the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided February 23, 1932.

*Joseph M. Lang,* for plaintiff.
*J. G. B. Erwin, Jr., J. H. Paschall,* for defendant.