## 26245.  BOROCHOFF *v.* WILLIAM MUIRHEAD CONSTRUCTION COMPANY.

DECIDED OCTOBER 8, 1937.

520

522

*George & John L. Westmoreland,* for plaintiff in error.

*Alston, Alston, Foster & Moise, William B. Spann Jr.,* contra.

SUTTON, J. The main contention between the parties, as argued in their briefs, is whether or not a valid contract was shown to have been entered into; but in the view that we take of the case, in considering the ground of the general demurrer that no cause of action was set forth it is unnecessary to decide that issue. Assuming, but not conceding, that a valid contract was entered into by reason of the letter of the defendant under date of May 7, 1936, and the telegram of the plaintiff under date of May 11, 1936, it is nevertheless apparent that on May 11, 1936, after the sending of the telegram, the plaintiff by letter made a tender of an anticipatory breach, inasmuch as in that letter it notified the defendant that its approval was "based upon your return to us promptly signed copy of contract with notation to correspond with your letter of May 7th." If the correspondence had finally resulted in the consummation of a legal and binding contract, no

further evidence of the undertaking was necessary; and in the letter of May 7, 1936, the defendant did not propose to furnish a "signed copy of contract," etc. But in its letter of May 11, 1936, the plaintiff notified the defendant that it would not be bound unless such a signed document be furnished it. By the allegations of the petition it is shown that the tender of the breach was accepted, because thereafter the defendant refused to deal further with the plaintiff, either in the way of answering communications or in preparing to execute the alleged contract. "An absolute refusal by one party to perform an executory contract containing mutual obligations, prior to the date or dates fixed for performance, if such repudiation goes to the whole contract, amounts to a tender of a breach of the contract; and if accepted as such by the opposite party to the contract, it constitutes an anticipatory breach." *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.*, 20 *Ga. App.* 660 (93 S. E. 532) ; *Seabrook Coal Co.* v. *Moore*, 25 *Ga. App.* 613 (4) (103 S. E. 839) ; *Mendel* v. *Converse*, 30 *Ga. App.* 549 (118 S. E. 586). In consequence of the tender and acceptance of the anticipatory breach the defendant was not thereafter required to perform. *Mendel* v. *Converse*, supra. It follows that the petition did not set forth a cause of action, and that the court erred in overruling the general demurrer.

*Judgment reversed. Stephens, P. J., concurs. Felton, J., concurs in the judgment.*