## 37597. WHITLEY CONSTRUCTION COMPANY *v.* VIRGINIA SUPPLY & WELL COMPANY.

QUILLIAN, Judge. 1. As against general demurrer the truth of all properly pleaded allegations of a petition is to be presumed (Code § 81-304; *Doby* v. *Florence Const. Co.*, 71 *Ga. App.* 888, 889, 32 S. E. 2d 527; *Collier* v. *Mayflower Apartments*, 196 *Ga.* 419, 425, 26 S. E. 2d 731) ; and where, in an action brought in the Civil Court of DeKalb County, to recover the sum of $2,125.67, it is alleged that on a date prior to August 5, 1957, the plaintiff and the defendant, both corporations, entered into an oral agreement, the defendant corporation acting through its duly authorized president, by the terms of which the plaintiff corporation agreed to drill, on the defendant's property, an eight-inch well for water, at the all-inclusive price of $6.00 per foot drilled, the drilling not to exceed a maximum depth of 600 feet, and the defendant agreed to assume the risk of the depth required to reach water and the risk of the quantity of water encountered; and where it is further alleged that the plaintiff promptly began drilling operations pursuant to the terms of the agreement, reduced the agreement to writing, asking the defendant to sign and return it, to which request the defendant replied that it had no intention of signing the writing and would not be responsible for the payment for drilling the well unless the well produced 40 gallons per minute at a depth of approximately 400 feet; and, on September 10, 1958, after having drilled to a depth of 354 feet and after another fruitless effort to have the defendant sign the written memorandum, the plaintiff, as a result of the defendant's actions, ceased work on the well, having complied with the terms of the agreement insofar as it was permitted to do so by the defendant, the petition stated a cause of action for damages for an anticipatory breach of an executory contract containing mutual promises which was accepted by the plaintiff, and the trial court did not err in overruling the defendant's general demurrer to the petition. The plaintiff alleged the terms of the contract, its performance of the work in compliance with the terms of the contract "insofar as it was permitted to do so by the defendant", the defendant's absolute repudiation of the entire contract prior to the plaintiff's full performance, the prompt acceptance of

such repudiation by the plaintiff by its cessation of its drilling operation, and the extent of its damage, measured by the number of feet drilled at the contract rate, plus an item of sales tax due on materials used. These allegations, properly construed most strongly against the pleader, established the defendant's anticipatory breach of the oral contract, accepted by the plaintiff, and the plaintiff's legal excuse for its failure to fully perform. Code § 20-1104; *Shell Petroleum Corp.* v. *Jackson,* 47 *Ga. App.* 667 (171 S. E. 171); *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.,* 20 *Ga. App.* 660 (93 S. E. 532); *Mendel* v. *Converse & Co.,* 30 *Ga. App.* 549 (118 S. E. 586); *Darnell* v. *Toney,* 45 *Ga. App.* 27 (162 S. E. 918).

2. The defendant's refusal after the inception of the work, to be bound by the original oral contract unless the plaintiff agreed to certain terms different from and entirely repugnant to the provisions of the original contract, constituted an absolute and unequivocal renunciation of the original agreement. *Jordan* v. Madsen, 69 Utah 112 (252 P. 570); *Borochoff* v. *William Muirhead Const. Co.,* 56 *Ga. App.* 519 (193 S. E. 118).

As indicated above, the trial court properly overruled the defendant's general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED APRIL 9, 1959.

*Zachary & Hunter, W. E. Zachary, John C. Hunter,* for plaintiff in error.

*Weekes & Candler, John Wesley Weekes, Alston, Sibley, Miller, Spann & Shackelford, Jack P. Ashmore, Jr.,* contra.