49731. McGUIRE v. ASSOCIATES CAPITAL SERVICES CORPORATION et al.

PANNELL, Presiding Judge.
On March 3, 1969, H. E. Solomon and H. C. McGuire,

d/b/a West Georgia Detective Bureau, entered into a lease agreement for police type radio equipment furnished by Motorola Communications and Electronics, Inc., for 60 months at an agreed price, effective July 1, 1969. Between those dates, Motorola assigned the lease and title to the equipment to Associates Financial Services Corp., later merged with appellee, herein. Pursuant to terms of the lease, title remained in Motorola and the property was to be returned to them at expiration of the lease. The lease also provided that upon default Motorola could retain all payments made and recover the full unpaid balance of the term rental. On July 17, 1969, appellant sold his partnership interest to Mr. Solomon. Rental payments subsequently became in default and the radio equipment was picked up on October 24, 1969, by the appellee. A notice of sale of this property was mailed on November 14, 1969 by certified mail, return receipt requested, to the members of the partnership, individually, and to the partnership at the delineated address reflected in the lease.

By agreement contained in the lease, deposit in the mail constituted receipt of any notice. The recovered property later was sold by appellee to Motorola. A notice was sent by mail that the sale was to be held. The sale price was credited on the rentals owed. This credit of the proceeds of the sale of the property rented was given on the apparent theory that the lease was a security instrument. On June 15, 1973, appellee filed its complaint seeking to recover this balance in the Superior Court of Wilkinson County, alleging that Solomon was a resident of that county, and appellant McGuire was a resident of Cobb County, Georgia. This complaint was served on defendant Solomon on June 23, 1973, and on defendant McGuire on August 28, 1973. Also, on August 28, 1973, a default judgment was entered against the defendant Solomon, though dated a few days earlier. McGuire's motion to dismiss the complaint for failure to state a claim was overruled. After the filing of all defensive pleadings and after a hearing on June 14, 1974, the trial judge issued an order granting plaintiff's motion for summary judgment for the amount sued for, which was entered on June 15, 1974. Appeal to this court

followed. *Held:*

1. Error is enumerated on the overruling of appellant's "motion to dismiss on the grounds that the Superior Court of Wilkinson County lacked jurisdiction over H. C. McGuire, a resident of Cobb County, since H. E. Solomon of Wilkinson County was already out of the case when H. C. McGuire was served, the judgment being rendered against H. E. Solomon on August 11, 1973, and H. C. McGuire not being served until August 28, 1973." No such motion appears in the record. Neither does it appear that a defense was interposed on this ground in the answer other than a denial the appellant lived in the county alleged, that is, Douglas County. Joint obligors may be sued in the county of the residence of either, and where such an action is brought and it is alleged that one of them is a resident of the county in which the suit is tried and that the other is a resident of another named county in this state, an answer which denies that the latter is not a resident of such county fails to show a want of jurisdiction as to venue and raises no such question for decision. See, *Williams v. Atlanta National Bank,* 31 Ga. App. 212 (2) (120 SE 658). Subparagraph (1) of Par. (h), § 12 of the Civil Practice Act (Code Ann. § 81A-112 (h) (1)) provides: "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from the motion in the circumstances described in subsection (g), or (b) if it is neither made by motion under this section nor included in a responsive pleading, as originally filed." Subsection (g) is not applicable here. The failure of the defendant appellant here to raise the question of venue either by motion or by defense in his answer amounts to a waiver of venue. See also, *Daniel v. Yow,* 226 Ga. 544 (3) (176 SE2d 67).

2. There was no error in overruling the motion to dismiss the complaint for failure to state a claim upon which relief could be granted.

3. Appellant complains that the court erred in granting a summary judgment for complainant where the amended answer sets up fraud and collusion in the sale of the electronic equipment back to Motorola, Inc., thus reducing the credit entered for the amount of the

sale and because a notice of sale was not given as required by law for the taking of a deficiency judgment. Appellant's contention again is based on an erroneous conclusion that the lease amounted to a sale and was a security instrument. Motorola Corporation leased the radio equipment for 5 years at an agreed price, with title to the property remaining in the corporation, and with delivery of possession of the equipment to Motorola to be made at the expiration of the lease. Nowhere therein can it be construed that the parties contemplated a sale, an option to purchase, or creation of a security interest. See In re Atlanta Times, Inc., 259 FSupp. 820, 826 (ND Ga. 1966); DeVita Fruit Co. v. FCA Leasing Corp., 473 F2d 585, 589 (1973); Code Section 109A-1—201 (37) defining "security interest." Thus, Article 9 of Title 109A of the Code does not apply and the parties' conduct is governed by the terms of the lease, which do not require the sale of the equipment upon default, nor for the credit of proceeds of such a sale against appellant's indebtedness. That the appellee gave such credit was a gratuity to appellant and he cannot be heard to complain it was less than the property sold was worth. The evidence before the trial court demanded the granting of the summary judgment for the amount sued for.

*Judgment affirmed. Evans and Webb, JJ., concur.*

ARGUED OCTOBER 2, 1974 — DECIDED NOVEMBER 26, 1974.

*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellant.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Thomas W. Talbot,* for appellees.