## 50931. TRUST COMPANY OF GEORGIA v. MONTGOMERY.

STOLZ, Judge.

Trust Company of Georgia, as assignee of a conditional sales contract on an automobile, brought suit against R. K. Montgomery for the deficiency balance owing on the contract after the automobile's repossession and sale. The case was tried in the State Court of DeKalb County before the judge without a jury. The judge made the following finding of fact and judgment: "Twice the defendant was 30 days late in this [sic] payments, twice he was four months behind in his payments and once he was five months behind. There was no notice from the plaintiff to the defendant that a strict compliance of [sic] the

original terms would be insisted upon. Therefore, judgment is rendered in favor of the defendant." Trust Company of Georgia appeals.

1. The case must be reversed. The contract in question specifically provides, "It is agreed that the waiver or indulgence of any default or the failure to exercise any right hereunder shall not be construed as an agreement to modify the terms of this instrument or to operate as a waiver of any subsequent default. It is further agreed that this instrument contains the entire agreement of the parties and that it may be modified or altered only in writing."

Appellee contends that Code Ann. § 109A-2—209 (2) (Ga. L. 1962, pp. 156, 180) makes inoperative the above contract provision since the particular provision of the contract was not separately set out and separately executed by the parties, or at least the appellee. This position is unfounded as the latter provision applies only to merchants. There is no evidence in the record that appellee was a "merchant" as defined in Code Ann. § 109A-2—104 (1) (Ga. L. 1962, pp. 156, 173). "A signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded. . ." Code Ann. § 109A-2—209(2), supra. "The express terms of the agreement and any such course of performance, as well as any course of dealing and usage of trade, shall be construed whenever reasonable as consistent with each other; but when such construction is unreasonable, express terms shall control course of performance and course of performance shall control both course of dealing and usage of trade. . ." Code Ann. § 109A-2—208 (2) (Ga. L. 1962, pp. 156, 180). The mere fact that the appellant accepted late payments from the appellee on five different occasions does not operate as a waiver of the contract provisions relating to timeliness of payments in view of the contract language previously quoted. This is particularly true in view of the fact that on one occasion the appellant obtained a *written* 90-day extension of the due date of the note from the appellee.

2. We do not reach the appellant's enumeration of error relating to the trial judge's striking the testimony of the plaintiff's witness, Vernon Greenway, as to credits,

rebates, and the balance due on the account taken from a computer readout or printout sheet for the reasons expressed in Division 1. However, since the issue is likely to arise at the next trial, and the question is one of first impression in our state, we offer counsel the opportunity of studying the following authorities for whatever assistance they may be. Rogers v. Frank Lyon Co., 253 Ark. 856 (489 SW2d 506) (1973); Union Electric Co. v. Mansion House Center &c. Co., 494 SW2d 309 (Mo. 1973); Transport Indemnity Co. v. Seib, 178 Neb. 253 (132 NW2d 871) (1965); Railroad Commission v. Southern Pacific Co., 468 SW2d 125 (Tex. Civ. App. 1971). Where inadequate foundation was made, see State v. Springer, 283 N. C. 627 (197 SE2d 530) (1973); Arnold D. Kamen & Co. v. Young, 466 SW2d 381 (Tex. Civ. App. 1971).

3. The enumeration of error contending that the trial judge held Code Ann. §§ 109A-9—503 and 109A-9—504 (Ga. L. 1962, pp. 156, 422) unconstitutional, is unfounded. A review of the record fails to reveal such a ruling by the trial court.

4. For the reasons set forth in Division 1, the case is reversed and remanded to the State Court of DeKalb County for a new trial.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Deen, P. J., and Evans, J., dissent.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED NOVEMBER 25, 1975.

*Lucian Lamar Sneed, John W. Bland, Jr.,* for appellant.

*J. L. Jordan,* for appellee.

EVANS, Judge, dissenting.

Plaintiff sued defendant for a deficiency judgment after foreclosing on personal property under mortgage, and the sale of which was not enough to satisfy the entire indebtedness.

Defendant answered and alleged that there had been a mutual temporary disregard of the contract, as to the time when payments of the instalments might be made,

and that as plaintiff had not given notice that it intended to rely on the exact date of payments as provided for in the original contract, that defendant had the right to rely on plaintiff's acquiescence in accepting the late payments of instalments; and that same in effect amounted to a novation of the original contract.

Plaintiff pointed to certain language in its contract which it contended foreclosed defendant from pleading a novation. The language relied on is as follows: "It is agreed that the waiver or indulgence of any default or the failure to exercise any right hereunder shall not be construed as an agreement to modify the terms of this instrument or to operate as a waiver of any subsequent default. It is further agreed that this instrument contains the entire agreement of the parties and that it may be modified or altered only in writing."

But Code § 20-116 provides where parties depart from the terms of the original contract and pay or receive money under such departure, before the original date of payment may be insisted upon by the creditor, reasonable notice must be given to the debtor of the creditor's intention to insist upon payments at the time as provided in said written contract. No such notice was given him. It seems to be plaintiff's contention that it could write words into the contract which would prevent the application of the principle of *novation.*

But the language relied on by plaintiff flies directly into the face of the public policy of this state, and especially into the face of Code § 20-116. Our public policy is made up of our statutes, among other things. *Collett v. State,* 131 Ga. App. 411, 422 (206 SE2d 70).

Therefore, defendant had the right to plead and rely upon novation, and the trial judge did not err in his ruling in favor of defendant. This case should be affirmed.

I am authorized to state that Presiding Judge Deen concurs in this dissent.