## 53742. PIERCE v. LEASING INTERNATIONAL, INC. et al.

BANKE, Judge.

Pierce sued Leasing International, Inc., and Larry Turner seeking actual and punitive damages for their alleged wrongful repossession of an automobile from his garage without prior demand or notice. Leasing International answered, alleging that Pierce was in default of the "lease agreement" under which he had obtained possession of the car from Leasing International and that the repossession was in accordance with a provision in the agreement authorizing the lessor and its agents "to enter on any premises where the vehicle may be found and to take whatever action necessary to effect the repossession of such vehicles . . ." in the event of default. It also counterclaimed for damages for breach of the lease agreement. Pierce appeals the trial court's grant of summary judgment to Leasing International.

The lease agreement obligated Pierce to make 24 monthly payments of $149.92 and to be responsible for a "depreciated value" of $2,400 at the end of the lease term. If he terminated the lease prematurely, by default or otherwise, he was also responsible for payment of a "premature termination factor" of $115 times the number of months remaining in the lease term. Upon termination, the car would be sold on the wholesale market; and, if the price received exceeded the pre-determined "termination value," he would receive the benefit. If it did not, he would bear the loss. In addition, Pierce was responsible for all maintenance, repairs, insurance premiums, and taxes on the vehicle.

Although Pierce missed several monthly payments during the ten-month period that he held possession of the car, Leasing International accepted monthly payments from him subsequent to the accrual of this arrearage.

Pierce stated by affidavit that no demand for this arrearage had been made and that he was never informed that repossession was contemplated. The contract provided that forbearance to exercise remedies in case of breach would not be considered a waiver of the right to exercise those remedies.

The automobile was sold for $3,600 following the repossession. The "termination value" at that time was approximately $4,133, the $538 difference being included in Leasing International's counterclaim.

1. This transaction was sufficiently analagous to a secured sale to subject it to the provisions of Article 9 of the UCC, Code Ann. § 109A-9—101 et seq. (Ga. L. 1962, pp. 156, 380-426, as amended). Pierce was in effect required to purchase the car at a prearranged price on termination of the lease and was entitled to the full benefit of the actual sale price in return. In *Redfern Meats v. Hertz,* 134 Ga. App. 381 (4) (215 SE2d 10) (1975), it was held that an agreement termed a "lease," which required the lessee to purchase the vehicle upon cancellation was equivalent to a secured sale, even though the lessor retained all indicia of ownership and, unlike Leasing International, was responsible for all maintenance and fuel costs, registration, taxes and repairs. This case is controlled by the same principle. See *Rollins Communications, Inc. v. Ga. Institute of Real Estate,* 140 Ga. App. 448 (2) (231 SE2d 397) (1976); Code Ann. § 109A-1—201 (37) (Ga. L. 1962, pp. 156, 166).

2. Under the circumstances of this case a fact issue exists as to whether Pierce was entitled to receive notice of the intended repossession or a demand for payment of the arrearage prior to the repossession.

Although Code Ann. § 109A-9—503 (Ga. L. 1962, pp. 156, 422) allows self-help repossession, as long as it can be accomplished without a breach of the peace, and imposes no requirement of notice or demand, a creditor may impose such a requirement upon himself by pattern or course of conduct. This does not mean, of course, that under the terms of a contract such as this one the creditor waives the default by accepting late payments. *Trust Co. of Ga. v. Montgomery,* 136 Ga. App. 742 (222 SE2d 196) (1975). However, if he has given the debtor the reasonable

impression that late payments will be accepted or that an arrearage need not be paid immediately, then the creditor may be estopped to engage in self-help repossession until he has given notice, demanded payment or otherwise indicated to the debtor that he is considered to be in default. See Ford Motor Credit Company v. Waters, 273 S2d 96 (Fla. App. 1973); Bank of Huntsville v. Witcher, 336 S2d 1384, 1388 (Ala. Civil App. 1976). Such a result is justified on public policy grounds as well as estoppel principles. As stated by the Rhode Island Supreme Court in Fontaine v. Industrial National Bank of Rhode Island, 298 A2d 521, 523 (R. I. 1973): "We think it to be so unconscionable as to be against public policy to give judicial sanction to an arrangement whereby a conditional sales vendee, once in default, is in constant peril of having the chattel summarily repossessed even though said vendee has been in faithful compliance with periodic payments for months or even years after the original default."

The trial court therefore erred in ruling that, as a matter of law, Pierce was not entitled to notice or demand prior to the repossession. Cf. *Lee v. O'Quinn,* 184 Ga. 44 (2) (190 SE 564) (1937); *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 451 (191 SE2d 121) (1972); *Horn v. Fulton Nat. Bank,* 140 Ga. App. 568 (231 SE2d 405) (1976); *Ford Motor Credit Co. v. Hunt,* 141 Ga. App. 612 (1977).

3. The record conclusively shows that no breach of the peace occurred in the taking of the automobile from Pierce's open garage, although the garage was attached to his home. There is no indication that any door was opened, that Pierce issued a protest of any kind, that any property was damaged or that the home itself was entered into. Therefore, it was not error to enter summary judgment on this issue. See Northside Motors of Florida, Inc. v. Brinkley, 232 S2d 617, 624 (Fla., 1973); Raffa v. Dania Bank, 321 S2d 83 (Fla. App., 1975); White & Summers, Uniform Commercial Code 966 § 26-6.

*Judgment reversed. Quillian, P. J., concurs. Shulman, J., concurs in the judgment only.*

ARGUED APRIL 12, 1977 — DECIDED MAY 4, 1977 —
REHEARING DENIED MAY 24, 1977 — ▮▮▮▮▮▮▮▮

*Walter W. Furlong,* for appellant.
*Jones & Barnwell, Taylor W. Jones, C. Cyrus Malone,* for appellees.