**In re PLEDGER ROY WOOD, Debtor.**

**TRAX, INC., Plaintiff,**

v.

**PLEDGER ROY WOOD, Defendant.**

**Bankruptcy No. 80–03296A.
Adv. No. 80–0859A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Sept. 19, 1980.

---

**10.** Ga.Code Ann. § 96–1004.

**11.** Ga.Code Ann. § 25–315.

Gregory W. Sturgeon, Atlanta, Ga., for Trax, Inc.

Paul C. Parker, Decatur, Ga., for Wood.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

This adversary proceeding was initiated by a complaint for relief from stay filed by Trax, Inc. (hereinafter "Trax"), a Georgia corporation engaged in the business of selling, leasing and repairing earth moving machinery. In its complaint Trax sought relief from the stay to allow it to repossess two 977 Caterpillar loaders (hereinafter "977 loaders") and two Model 621 Caterpillar scrapers (hereinafter "621 scrapers") from the possession of the debtor. Trax asserts that the contract under which debtor holds the two 621 scrapers is a lease or executory contract while the debtor contends that both the contract under which it holds the 621 scrapers and the contract under which it holds the 977 loaders are conditional sales contracts. Trax further alleges that since the contract under which the Model 621 scrapers are held by this debtor is an executory contract or unexpired lease that pursuant to the provisions of 11 U.S.C. § 365(b)(1) "the trustee may not assume such contract or lease unless, after time of assumption of such contract, the trustee" cures or provides adequate assurance that the trustee will promptly cure the default and also compensate Trax for any actual pecuniary loss and provide adequate assurance of future performance under the contract or lease. Trax argues that the debtor has not cured or provided adequate assurance that it will promptly cure the existing default in this lease. Therefore, the first issue before the Court is whether or not the written agreement styled "Rental/Purchase Agreement" for the two Model 621 Caterpillar scrapers is a "true lease" or a security agreement. For purposes of bankruptcy law, the term security agreement is defined as an "agreement that creates or provides for a security interest." 11 U.S.C. § 101(36). The legislative history to that section states:

"Whether a consignment or a lease constitutes· a security interest under the Bankruptcy Code will depend on whether it constitutes a security interest under applicable State or local law." H.Rep.No. 95–595, 95th Cong., 1st Sess.1977, p. 314, U.S.Code Cong. & Admin.News 1978, pp. 5878, 6271.

In the instant case, the debtor is a resident of DeKalb County, Georgia and Trax is a Georgia corporation. The transaction in question occurred in Georgia and is subject to Georgia law. The Uniform Commercial Code as enacted in Title 109A of the Georgia Code provides in pertinent part:

"Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does not make the lease one intended for security." Ga.Code § 109A–1–201(37).

A "deceptively simple test"[1] for determining the question of whether an agreement creates a true lease or a security agreement has been set out as follows:

"[W]here the lessee has agreed to pay an amount substantially equal to the value of goods of which he is to become the owner (or has the option to become the owner), the parties have entered into a conditional sales agreement." Coogan, Leases of Equipment and Some Other Unconventional Security Devices: An Analysis of U.C.C. § 1–201(37) and Article 9, 1 Bender's Secured Transactions Under the Uniform Commercial Code § 4A.07[1].

This test has been interpreted as establishing three elements for determining whether a lease is a security agreement. One, there must be an agreement by the lessee to pay the lessor a set amount. Two, the amount must be equivalent to the value of the leased goods. Three, the lessee must become the owner or have the option to become the owner of the leased goods. If any one of these elements is lacking, the lease is not a financing agreement but is a true lease.

The Georgia courts have addressed the last two of the three elements repeatedly.[2] However, no case has been located which addresses the requirement that there must be an agreement by the lessee to pay the lessor a set amount. Still, the implication that Georgia courts would employ the same three requirements test is unmistakable. For example, in *Citizens & Southern Equipment Leasing, Inc. v. Atlanta Federal Savings & Loan Assoc.*, 144 Ga.App. 800, 243 S.E.2d 243 (1978), it is clear that one of the main reasons that the Court found the contract in question to be a financing agreement rather than a true lease was that upon the occurrence of any of a variety of contingencies the lessor had the right to accelerate all "remaining lease 'rentals'". *Id.* at 807, 243 S.E.2d 243. The acceleration provision creates a sum certain which the lessee agreed to pay the lessor. This indicates that the courts would require that a sum certain must be loaned to create a financing agreement rather than a lease. See also *Rollins Communications, Inc. v. Georgia Institute of Real Estate, Inc.*, 140 Ga.App. 448, 231 S.E.2d 397 (1976).

The lease under which the debtor holds the two 621 scrapers provides for no sum certain which is financed. While it is true that the debtor could become the owner by exercising his option and paying the balance due on the purchase price of the scrapers, the debtor is not liable[3] for the balance due unless he chooses to pay it. There is no provision for acceleration of the remaining balance upon default. In fact, under the lease Trax would be limited to a recovery of rental payments which had accrued at the time of repossession plus costs and expenses. Because there is no debt which could be secured, it is clear that the contract in question cannot be a security agreement.

**1.** *In the Matter of Gehrke Enterprises, Inc.*, 1 B.R. 647, 650 (Bkrtcy.W.D.Wis.1979).

**2.** Concerning the requirement of equal value, see e. g. *Citizens & Southern Equipment Leasing, Inc. v. Atlanta Federal Savings & Loan Assoc.*, 144 Ga.App. 800, 243 S.E.2d 243 (1978); *Redfern Meats v. Hertz Corp.*, 134 Ga.App. 381, 215 S.E.2d 10 (1975). Concerning the requirement of passage of title, see e. g. *Rollins Communications, Inc. v. Georgia Institute of Real Estate, Inc.*, 140 Ga.App. 448, 231 S.E.2d 397 (1976); *Mays v. Citizens and Southern National Bank*, 132 Ga.App. 602, 208 S.E.2d 614 (1974); *McGuire v. Associates Capital Services Corp.*, 133 Ga.App. 408, 210 S.E.2d 862 (1974).

**3.** The debtor is liable for the first three months rental of $3,950.00 but this leaves a balance or option price of $75,778.70.

The Court finds that the lease under which the debtor holds the two 621 scrapers is an unexpired lease within the meaning of 11 U.S.C. § 365. It is undisputed that the lease is now in default. In order to assume this lease, and thus maintain possession of the scrapers, it will be necessary for the debtor to comply with the provisions of 11 U.S.C. § 365(b)(1). That subsection provides:

"If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract, the trustee—

(A) Cures, or provides adequate assurance that the trustee will promptly cure such default;

(B) Compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) Provides adequate assurance of future performance under such contract or lease." 11 U.S.C. § 365(b)(1).

Section 365(d)(1) allows the Court to order the debtor or trustee to determine within a specific period of time whether to assume or reject an unexpired lease such as this.

The Court finds that it would be equitable to set a date by which the debtor must decide. The Court further finds that Trax is adequately protected with respect to the 977 loaders until a determination is made whether to confirm the debtor's plan.

It is hereby ORDERED and ADJUDGED that the debtor shall decide whether to assume or reject the lease of the two 621 scrapers by 12:00 P.M., December 31, 1980, or the lease will be deemed rejected.

It is FURTHER ORDERED and NOTICE GIVEN that if the debtor assumes the lease a hearing shall be held before this Court at 3:00 P.M. on January 6, 1981 to determine any issues which may arise concerning the adequacy of assurance, compensation or cure.