**In re Inez HUFFMAN, Debtor.**

**SHAMROCK RENTAL CO., Movant,**

**v.**

**Inez HUFFMAN, Respondent.**

**No. A86–02184–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 20, 1986.

James D. Walker, Jr., Surrett, Walker, Creson & Colley, P.A., Augusta, Ga., for movant.

Robert T. Efurd, Jr., Atlanta, Ga., for debtor/respondent.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on a Motion by Shamrock Rental Co. ("Shamrock") for Relief from Stay and Objection to the Debtor's Chapter 13 plan.

The Debtor filed her Chapter 13 petition on March 25, 1986. On September 4, 1985, the Debtor entered into an agreement ("Lease-Purchase Agreement") with Shamrock for the rental of an electric range. The Lease-Purchase Agreement provided

for a weekly rental payment by the Debtor of $15.40 and included a provision that allowed the Debtor to obtain ownership of the range by renewing the lease for 78 successive weekly terms. An addendum to the agreement allowed the Debtor to obtain ownership in 52 rather than 78 weeks if she renewed the lease for 52 consecutive weekly payments on time without requiring Shamrock to come to her home to pick up any payment. If this condition were complied with, Shamrock was to credit the Debtor's account with six months (24 weeks) "free rent"; otherwise, the addendum was to become void.

The Lease-Purchase Agreement provided that the initial term was one week and that it could be renewed for successive weekly terms by the Debtor's payment of successive rentals. The Debtor could terminate the agreement at any time by returning the property to Shamrock and paying any then due rental payments but no penalty charge. Shamrock could terminate the agreement at its option only upon Debtor's failure to renew the agreement or Debtor's breach of other provisions.

The Debtor made payments on the agreement through April 5, 1986, but she has made no payment since that date and retains possession of the range. Her plan treats the Lease-Purchase Agreement as a credit sale and proposes to pay Shamrock $450.00 cash, being the fair market value of the range as stated in the agreement, with all other portions of Shamrock's claim treated as unsecured.

Shamrock bases its objection to the plan on the grounds that the Debtor, under the terms of the Lease-Purchase Agreement, no longer has any possessory rights in the property and that there is no basis, contractual or otherwise, for the calculation of the amount to be paid by the Debtor for the privilege of retaining possession. Shamrock's brief asks that the Debtor be required to assume or reject the lease under 11 U.S.C. § 365. Shamrock also requests relief from stay in order to recover possession of the range.

The determinative issue in this case is whether the Lease-Purchase Agreement is a "true" lease triggering the provisions of 11 U.S.C. § 365, or whether it is a disguised security agreement in the form of a conditional sales contract, thereby allowing the debtors to "cram down" confirmation in accordance with 11 U.S.C. § 1325(a)(5).

A "security agreement" is defined by the Bankruptcy Code as an "agreement that creates or provides for a security interest." 11 U.S.C. § 101(42). Section 11-1-201(37) of the Official Code of Ga.Ann. (Michie, 1982) provides in part:

> Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

O.C.G.A. § 11-1-201(37) (Michie, 1982).

This Court has interpreted this provision as establishing three elements for determining whether a lease is a security agreement:

> One, there must be an agreement by the lessee to pay the lessor a set amount. Two, the amount must be equivalent to the value of the leased goods. Three, the lessee must become the owner or have the option to become the owner of the leased goods. If any one of these elements is lacking, the lease is not a financing agreement but is a true lease.

*In re Pledger Roy Wood,* 7 B.R. 543, 545 (Bankr.N.D.Ga.1980).

As to the agreement involved in that case, this Court made the following observation:

> While it is true that the debtor could become the owner by exercising his option and paying the balance due on the purchase price of the scrapers, the debtor is not liable for the balance due unless he chooses to pay it. There is no provi-

sion for acceleration of the remaining balance upon default. In fact, under the lease [the lessor] would be limited to a recovery of rental payments which had accrued at the time of repossession plus costs and expenses. Because there is no debt which could be secured, it is clear that the contract in question cannot be a security agreement.

*Pledger Roy Wood,* 7 B.R. at 545 (footnote omitted).

Similarly, because of the terminability of the Lease-Purchase Agreement here, the Debtor has not agreed to pay a "sum certain" for the use of the range. Thus, there is no debt which could be secured.

The terminability of a lease was also relied upon by the Court in *Matter of Marhoefer Packing Co., Inc.,* 674 F.2d 1139 (7th Cir.1982). As to the purchase option given the lessee at the end of an optional four-year renewal term, the Court stated: "An option of this type makes a lease one intended for security only when it necessarily arises upon compliance with the terms of the lease." *Id.* at 1143 (footnote omitted). Since the lessee could have ended the lease without renewing it for a second four-year term and thereby fully comply with the lease without the option ever arising, the agreement was held to be a true lease. *Id. See also In re Martin,* 64 B.R. 1 (Bankr.S.D.Ga.1984) (holding that lessee's right to terminate made the contract a true lease).

Similarly, the Debtor here fully complied with the lease after making one weekly payment, and the purchase option would not arise unless the Debtor chose to renew the lease 77 more weeks. *See* Coogan, "Leases of Equipment and Some Other Unconventional Security Devices: An Analysis of U.C.C. § 1–201(37) and Article 9," 1973 *Duke L.J.* 909, 916 (stating that if the lessee has an option to terminate, there is no U.C.C. security interest).

Terminability of the lease is also a distinguishing characteristic of Lease-Purchase Agreements, as defined in Georgia's "Lease-Purchase Agreement Act," O.C.

G.A. § 10–1–680 *et seq.* (1986). The Act provides that such an agreement shall not contain any provision that the lessee cannot return the leased property to the lessor at the end of any term. O.C.G.A. § 10–1–684(6).

Debtor argues that her intent was to purchase a stove and that the emphasis of the agreement is on purchase. These contentions do not make the agreement a credit sale. Whether or not the Debtor intended to ultimately own the range, the contract she signed allowed her to do so only after paying 78 weekly rental payments (or in another manner not applicable here) and gave her the power to end the agreement after only one week (or after any successive renewal week). This power existed whether or not she in fact intended to make all 78 payments.

Furthermore, any "emphasis" in the contract on the lessee's ability to get ownership does not make the lease a credit sale or security agreement. The purchase option is merely a feature of the agreement making it more attractive to consumers.

The Debtor's argument that the Addendum to the Agreement shows that a purchase was emphasized and intended is also without merit. The Addendum clearly states that the lessee still has "return privileges" and is under no obligation to renew the agreement beyond one week at a time.

Finally, the fact that some risk of loss is placed on the Debtor as lessee is consistent with the concept of a bailment for hire and does not make the contract a security agreement.

Whereas the Lease-Purchase Agreement is found to be a true lease and not a security agreement,

It is hereby ORDERED and ADJUDGED that Shamrock's Objection to the Plan be sustained and that the Debtor shall decide whether to assume or reject the lease by 5:00 P.M., September 10, 1986 or the lease will be deemed rejected in accordance with 11 U.S.C. § 365.

It is further ORDERED that Shamrock's motion for relief from stay be DENIED.

It is further ORDERED and NOTICE GIVEN that if the Debtor assumes the lease a hearing shall be held before this Court at 2:00 P.M., on September 17, 1986 in Courtroom 1705, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, to determine any issues which may arise concerning the adequacy of assurance of future performance, compensation or cure.