76053. ELCAN INVESTMENTS, INC. v. KIRK.
(371 SE2d 146)
MCMURRAY, Presiding Judge.

On October 20, 1984, plaintiff Kirk (f/k/a Cash) entered into a lease of a washing machine from defendant Elcan Investments, Inc. The term of the lease was one week. The contract provided that plaintiff as lessee, "at its option, may renew this lease for an additional term at the conclusion of each term or rental period, by the payment to the lessor of the rental payment. Payment by the lessee of an additional rental payment, on or before the last day of each term shall renew this agreement for an additional term. However, in no event shall the lessee be obligated for any rental payment beyond any term for which it has made a rental payment, unless the lessee retains possession of the leased goods beyond such term, in which case it shall be liable for rental payments at the daily rate for each such day it retains possession until it returns the leased goods, or unless it renews the lease for an additional term." The contract also provided that plaintiff as lessee, "at its option may at any time terminate this agreement, without further obligation or penalty, by surrender of the property to the lessor in its present condition, fair wear and tear excepted." Defendant's right to terminate was limited to where plaintiff failed to make a renewal rental payment or by breach by plaintiff of any agreement, condition or representation of the lease. The lease contract also provided for the transfer of ownership of the subject property if plaintiff renewed the lease for 26 successive lease terms, but that plaintiff would not acquire any ownership rights in the property during any term of the lease unless the lease was renewed for 26

successive lease terms. The weekly rental payment was $10. Due to a problem with a leak in the washing machine described in the October 20, 1984, lease, there was an exchange so that on February 4, 1985, the parties entered into a second contract for a different washing machine. The terms of the second contract were the same as the first, except that under the second contract, for the transfer of ownership, renewal of the lease for 38 successive lease terms was required. In this connection, plaintiff testified that defendant applied her payments made on the first contract to the second contract. Subsequently, after making more than 60 percent of the weekly renewal payments necessary for the transfer of ownership, plaintiff failed to renew by paying the weekly rental and defendant repossessed the washing machine.

Plaintiff's amended complaint alleges that the contract between the parties is covered by the Uniform Commercial Code — Secured Transactions, OCGA § 11-9-101 et seq., and that defendant converted her washing machine by failing to comply with certain provisions of the Uniform Commercial Code — Secured Transactions, particularly OCGA § 11-9-504 et seq. Defendant contends that the contract is a "true lease" and that no security interest is created therein.

At trial the uncontroverted evidence showed that there was no compliance with the repossession provisions of OCGA § 11-9-504 et seq. Thus, the crux of plaintiff's case rested on whether the lease created a security interest so that the provisions of OCGA § 11-9-504 et seq., would be applicable. The plaintiff moved for directed verdict in part and defendant moved for a directed verdict. Defendant's motion was denied and plaintiff's motion was granted, the trial court holding that the contract created a sale with security interest.

The case was sent to the jury on the issue of damages. The jury returned a verdict for plaintiff of $1 nominal damages and $4,000 punitive damages. Defendant appeals contending the trial court erred in denying its motion for directed verdict and in granting plaintiff's motion for directed verdict in part and in submitting the issue of punitive damages to the jury. *Held*:

Plaintiff argues that the case sub judice is governed by OCGA § 11-1-201 (37), particularly phrase (b) which provides that: "an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security."

We hold that, due to the terminability of the lease contract at issue, phrase (b) of OCGA § 11-1-201 (37) did not become applicable. Since plaintiff could end the lease by not renewing it prior to the 38th renewal, and thereby fully comply with the lease without the transfer of ownership provision ever becoming operative, there was no conditional sale or security interest. *Matter of Marhoefer Packing Co.*, 674

F2d 1139, 1142 (1, 2, 3 and fn. 5); *In re Huffman*, 63 B.R. 737, 739; *In re Pledger Roy Wood*, 7 B.R. 543. Also, see generally 76 ALR3d 11. Therefore, the provisions of OCGA § 11-9-101 et seq. are inapplicable and plaintiff's claim is without merit. The trial court erred in granting plaintiff's motion for directed verdict in part and in denying defendant's motion for directed verdict. Defendant's remaining enumeration of error is moot.

*Judgment reversed. Pope, J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

While I agree wholeheartedly with the majority's reversal of the judgment below, I specially concur to point out that the termination clause is only one factor to consider in determining whether an instrument is a true lease or a conditional sales contract with the lease serving as the security interest.

" '(W)hether a lease is intended as security is to be determined by the facts of each case. . . . Facts that the courts have found relevant include the total amount of rent the lessee is required to pay under the lease [cit.]; whether the lessee acquires any equity in the leased property [cit.]; the useful life of the leased goods [cit.]; the nature of the lessor's business [cit.]; and the payment of taxes, insurance and other charges normally imposed on ownership. [Cits.] Consideration of the facts of this case in light of these factors leads [me] to conclude that the lease in question was not intended as security.' " *Matter of Marhoefer Packing Co.*, 674 F2d 1139, 1145 (1982).

DECIDED JUNE 28, 1988.

*J. Samuel Choate, Jr., Thomas L. Swift*, for appellant.
*Ivan H. Nathan*, for appellee.
*James D. Walker, Jr., Edward J. Coleman III*, amici curiae.