## 52926. FORD MOTOR CREDIT COMPANY v. HUNT.

WEBB, Judge.

The Supreme Court granted certiorari in this case and remanded it to us for reconsideration in light of its opinion in *Fulton Nat. Bank v. Horn,* 239 Ga. 648 (1977).[1] The thrust of that decision, as stated by that court, is that "Where the parties agree that in the event of default the creditor 'may declare' acceleration, the exercise of the option to declare acceleration must be communicated to the debtor or manifested by some affirmative act sufficient to constitute notice to the debtor of acceleration, *Lee v. O'Quinn,* supra, but where the parties agree that in the event of default the creditor 'may declare' acceleration 'without notice' to the debtor, *Lee v. O'Quinn* is not applicable and, according to the agreement, notice of acceleration need not be communicated to the debtor." *Horn,* supra, p. 650.

The instant case falls under *Lee v. O'Quinn* rather than *Horn* since the declaration-of-acceleration clause here does not provide that the creditor may declare acceleration "without notice." Additionally, we do not think the principal holding in our prior decision of this case is fatally affected by *Horn.* We had held, seven judges concurring, that the word "and," while normally construed in the conjunctive, nevertheless has other meanings as well, one of them involving the notion of consequence, or sequel. We concluded: "Thus the contract can well be read: 'Seller shall have the right to declare [acceleration] and [then] Seller shall have [repossession rights],' those rights being a logical consequence of, or sequel to, or that which follows upon or is triggered by, the declaration of acceleration. . . [W]e must adopt this latter construction since it is the least favorable to the creditor, which could have chosen words of precision." 141 Ga. App. p. 614.

While it can with propriety be argued that *Horn* holds that the right to repossess is in addition to the right

---

[1] Our prior opinion is reported at 141 Ga. App. 612 (234 SE2d 112) (1977).

to accelerate, we nevertheless believe that *Horn* provides insufficient ground for overturning our prior decision since *Horn,* in apparent dictum, leaps the chasm from acceleration clause to repossession clause without any construction of the word "and." In these circumstances we believe our prior decision must be allowed to stand.

*Judgment affirmed. Bell, C. J., Deen, P. J., McMurray, Smith, Banke and Birdsong, JJ., concur. Shulman, J., dissents. Quillian, P. J., not participating.*

ARGUED OCTOBER 13, 1976 — DECIDED NOVEMBER 14, 1977 — REHEARING DENIED DECEMBER 7, 1977 —

*Levine, D'Alessio & Cohn, Morton P. Levine, Homer S. Mullins,* for appellant.

*Scheer & Elsner, Robert T. Elsner, Ronald A. Matamoros,* for appellee.

SHULMAN, Judge, dissenting.

I again dissent from the ruling of the majority in this case. It is my opinion that the dissent of Judge now Justice Marshall in which I joined in the original decision in 141 Ga. App. 612, and the opinion of our Supreme Court in *Fulton Nat. Bank v. Horn,* 239 Ga. 648, are correct statements of the law and pertinent to this case.